**STATE**

v.

**Louis M. GRIECO.**

No. 79–447–C.A.

Supreme Court of Rhode Island.

May 20, 1981.

Dennis J. Roberts II, Atty. Gen., Alyssa L. Talanker, Spec. Asst. Atty. Gen., for plaintiff.

Aram K. Berberian, Warwick, for defendant.

OPINION

KELLEHER, Justice.

This controversy was prompted by an indictment returned by the grand jury for the counties of Providence and Bristol on March 6, 1967, charging Louis M. Grieco (Grieco) with being part of a conspiracy designed to cheat an insurance company. The record indicates that during a substantial portion of the time the indictment was pending in the Superior Court, Grieco was a prisoner at one or more out-of-state penal institutions.

Ten years after the return of the March 1967 indictment, Grieco filed a motion in the Superior Court in which motion he sought to dismiss twenty-six indictments then pending against him. The dismissal was sought on the grounds that the state, after having been made aware of Grieco's out-of-state status, failed to comply with certain provisions of the Interstate Agreement on Detainers Act. This act was adopted by the General Assembly at its January 1974 session and now may be found in G.L. 1956 (1969 Reenactment) chapter 13 of title 13 (1980 Cum.Supp.). We have discussed the relevant portions of the act in *State v. Newman,* 117 R.I. 354, 367 A.2d 200 (1976).

Turning to the pertinent facts, we find that on April 11, 1977, an order signed by the senior principal deputy clerk of the Superior Court for the counties of Providence and Bristol was sent to the warden of the Adult Correctional Institutions (ACI). The order directed the warden to deliver to the Superior Court on the following say April 12, 1977, "the bodies" of eleven prisoners. One of the "bodies" belonged to Grieco. A notation on the order indicates that the jailer delivered the eleven prisoners to a designee of Robert N. Mellucci, chief of the Rhode Island State Marshals. The marshals are part of the Department of Corrections and are charged with the responsibility of maintaining custody of prisoners while they are in the various courthouses or on their way to or from the ACI.

It is conceded that on April 12, two marshals transported Grieco from the ACI to the Scituate headquarters of the Rhode Island State Police instead of taking him to the Providence County Courthouse. Grieco was interviewed by various members of the State Police and returned by the marshals to the prison. The jacket of the conspiracy indictment indicates that on the next day, April 13, 1977, Grieco was present in the Superior Court when a motion to dismiss the twenty-six indictments was granted.

One year later, on April 14, 1978, Grieco filed a Petition for Forfeiture. The petition named as respondents the two marshals who had transported Grieco to the State Police Barracks and asked that each marshal be ordered to pay Grieco a forfeiture of $1,000. The petition was filed within the papers of the conspiracy indictment that had been dismissed a year earlier. Subsequently, Grieco's petition was dismissed following a hearing on a motion filed by the marshals' counsel. The Superior Court justice in charge of the June 27, 1979 motion calendar, in dismissing the petition, noted that Grieco's attorney failed to appear at the hearing on the motion.

Before us, Grieco's counsel claims that the forfeiture petition was properly filed within the conspiracy indictment because the forfeiture request was an ancillary proceeding. On the other hand, the marshals claim that the forfeiture petition is not an ancillary proceeding because the forfeiture petition is an independent civil action that should have been commenced in the District Court where monetary damages may be awarded up to $5,000. We see no necessity for discussing the merits of either position. Although we believe the dismissal to be proper, our reasoning is somewhat different from that advocated before the motion justice.

The forfeiture provisions of G.L. 1956 (1969 Reenactment) § 10–9–27 are of no help to Grieco. This section is but one portion of a legislative plan to afford judicial recourse to any persons who claim that they are being illegally deprived of their liberty.[1] Such recourse is obtained by the filing of a petition for habeas corpus to this court, the Superior Court, or with a justice of either court.[2] The court or the justice to whom petition is addressed shall "without delay" order the issuance of the writ,[3] and the person having custody of the petitioner shall file a return which will state whether the petitioner is in custody and, if so, the authority for the detention.[4]

By the end of the sixteenth century there were in England several forms of habeas corpus, of which the most important was habeas corpus ad subjiciendum, which was used to inquire into an alleged illegal detention with a view to obtaining an order releasing the petitioner. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 1832, 36 L.Ed.2d 439, 447 (1973). The phrase "habeas corpus," when used alone, refers to the writ of habeas corpus ad subjiciendum, better known as the "Great Writ." *Stone v. Powell*, 428 U.S. 465, 474–75 n.6, 96 S.Ct. 3037, 3043 n.6, 49 L.Ed.2d 1067, 1076 n.6 (1976). Courts have also used the writ of habeas corpus ad testificandum when it was necessary to bring a person who was confined in prison into court to testify in a pending case. *United States v. Bailey*, 585 F.2d 1087, 1090 (D.C.Cir.1978).

While Grieco's attorney describes the marshals' trip to the State Police Barracks as an effort to "avoid the effect of the aforesaid writ of habeas corpus," an examination of the record makes it quite clear that the writ which embodied the April 11, 1977 order could in no way trigger the

1. General Laws 1956 (1969 Reenactment) § 10–9–1 (1980 Cum.Supp.). This section, by its terms, excludes those persons who have been in prison following a final judgment of conviction. Those individuals may seek postconviction relief pursuant to the terms of G.L. 1956 (1969 Reenactment) chapter 9.1 of title 10 (1980 Cum.Supp.).

2. General Laws 1956 (1969 Reenactment) § 10–9–3.

3. General Laws 1956 (1969 Reenactment) § 10–9–4 (1980 Cum.Supp.).

4. General Laws 1956 (1969 Reenactment) § 10–9–8 (1980 Cum.Supp.).

forfeiture proviso of chapter 9 of title 10.[5] It is obvious that chapter 9 of title 10, in speaking of "any writ of habeas corpus," is referring to the Great Writ, and it is just as obvious that the April 11, 1977 writ alluded to by Grieco at best might be described as a writ of habeas corpus ad testificandum.

The writ whose issuance caused Grieco to make what might have been an involuntary visit to the State Police Barracks is all part of the daily routine involving the transportation of prisoners from the ACI to the Superior Court. The habeas corpus which authorized the release of Grieco from the ACI was the result of a routine written request which is made by an assistant attorney general to the justice of the Superior Court.[6]

In the request, the Attorney General's representative asserts that the presence of the following specified persons who are in custody at the ACI is requested for trial purposes in the Superior Court at 9:30 a. m. the following day. The justice is asked to order the issuance of a "Writ of Habeas Corpus," which directs the "Keeper" of the ACI to bring the named individuals before the Superior Court at the time specified. The justice orders the issuance of the writ, and the writ, which bears the signature of the Superior Court clerk[7] who has the responsibility for effectuating the continuous operation of the criminal calendar, as directed to the warden. The writ also lists the names of the prisoners sought by the Attorney General and contains one space where the "Jailer" states that he has delivered the prisoners to the marshal and a second space where a marshal acknowledges receipt of the prisoners.

Since the writ which caused Grieco's diversion to the State Police Barracks does not come within the reach of chapter 9 of title 10, his appeal is denied and dismissed, and the order dismissing his appeal is affirmed.

BEVILACQUA, C. J., did not participate.

## APPENDIX I

### State of Rhode Island and Providence Plantations

PROVIDENCE, SC.

*To the Hon.* ...................................... *Justice of the Superior Court :—*
RESPECTFULLY represents, the undersigned, that the following named persons are in custody at the Adult Correctional Institutions, in the County of Providence,................ and that their attendance in said Court, for........................................... as hereinafter designated is required pursuant to the calender of trials therein. It is therefore requested that you order and direct that there issue a Writ of Habeas Corpus, requiring the Keeper of the Adult Correctional Institutions of said County, to bring ....................
.........................................................................................
.........................................................................................
.........................................................................................
.........................................................................................
.........................................................................................

**5.** The forfeiture proviso reads as follows:
  "Every person who shall have in custody or under his power any person entitled to any writ of habeas corpus, whether any writ has issued or not, and who shall, with intent to elude the service of such writ or to avoid the effect thereof, transfer such prisoner to the custody, or place him under the power or control, of any other person, or conceal him, or change the place of his confinement, shall forfeit and pay to the party aggrieved thereby one thousand dollars ($1,000)." General Laws 1956 (1969 Reenactment) § 10–9–27.

**6.** See Appendix I.

**7.** See Appendix II.

before said Court, on . . . . . . . . . . . . . . . . the . . . . . . . . . . . . . . . . . . . . day of . . . . . . . . . . . . . . . . . . . . . .
next ensuing, at 9:30 o'clock, A. M., for trial . . . . . . . . . . . . . . . .

At Providence, . . . . . . . . . . . . . . . . . . . . A. D., 19 . . . . .        Assistant Attorney General . . . . . . . . . .

Let a Writ of Habeas Corpus issue pursuant to the above request.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
*Justice of the Superior Court*

## APPENDIX II

# The State of Rhode Island and Providence Plantations

PROVIDENCE, SC.
*To the Warden of the Adult Correctional Institutions in the County of Providence,*        GREETING:

We command you that at . . . . . . . . . . . . . . . . o'clock . . . . . . M., on . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . ., A. D. 19 . . . . . ., you have the bod . . . . . . of . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
in your custody, as it said, before the Superior Court, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
in session at Providence, to answer to . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
here pending against . . . . . . . . . . . . . . . . in said Court. And have you there this writ.
Hereof fail not.

WITNESS, the SEAL of our SUPERIOR COURT, at Providence, this . . . . . . . . . . . . . . . . . . . . . . . . .
day of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . , A. D. 19 . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *Clerk.*

PROVIDENCE, . . . . . . . . . . . . . . . . , A. D. 19 . . . . . .
*Providence, sc.*

I have delivered the above-named persons to . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
as required.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *Jailer.*

I have received from said Warden the above-named persons, and have them here in court
this . . . . . . . . . . . . . . . day of . . . . . . . . . . . . . . . ., A. D. 19 . . . . . .