**Arthur D'AMARIO III**

**V.**

**John H. HINES, Jr.**

**Nos. 94–27–M.P., 94–73–Appeal.**

Supreme Court of Rhode Island.

March 16, 1995.

Arthur D'Amario, pro se.

John H. Hines, Jr., pro se.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on February 7, 1995, pursuant to an order assigning it to the show-cause calendar. In this case the plaintiff has appealed from an order of the Superior Court granting in part the defendant's motion to dismiss. Also before the court is the defendant's petition for issuance of a writ of certiorari to review the trial justice's denial of his motion to dismiss counts 3 and 4 of the plaintiff's complaint. These matters were ordered consolidated for oral argument.

After reviewing the memoranda submitted by the parties and after hearing them in oral argument, this court concludes that cause has not been shown. The issues raised in these cases will be summarily considered at this time.

The plaintiff, Arthur D'Amario III, pro se, filed a lengthy complaint in Superior Court on March 2, 1993. In that action plaintiff alleged that in February 1983 he paid defendant, John H. Hines, Jr., $5,000 as a retainer to represent him in a federal court action entitled *D'Amario v. Providence Civic Cen-*

*ter Authority,* 639 F.Supp. 1538 (D.R.I.1986). The plaintiff alleges that throughout the 1980s he paid defendant "several thousand dollars" to prosecute his case. In that case plaintiff sought a monetary judgment from the defendants as well as an order permanently restraining the Providence Civic Center and Frank J. Russo from "interfering with his First Amendment right to photograph rock stars for magazines." The plaintiff stated in his complaint that from July 30, 1986, to January 15, 1993, every federal, trial, and appellate court that dealt in any way with the case had found for the defendants. The plaintiff further asserts in this action that every judgment entered against him was a result of an "illegal agreement reached between defendant Hines and the Civic Center and Russo to sabotage those cases by forcefully denying the plaintiff a full and fair opportunity to present his claims to the courts." In his complaint plaintiff goes on to describe the details of the alleged conspiracy.

On September 3, 1993, defendant, who is also pro se, filed a motion to dismiss. A hearing was held on defendant's motion before a justice of the Superior Court on November 23, 1993. At the conclusion of the hearing the trial justice dismissed all of plaintiff's federal and constitutional claims on the grounds of res judicata, holding that the issues had been addressed, or could have been addressed, in *D'Amario v. Russo,* 718 F.Supp. 118 (D.R.I.1989). The trial justice also dismissed plaintiff's claim entitled "Deceit," ruling that the statute of limitations had passed, and dismissed the count entitled "Declaratory and Injunctive Relief" for lack of subject-matter jurisdiction.

■ The plaintiff's declaratory-judgment count sought a restraining order or injunction against defendant's continued practice of law. The Superior Court has no jurisdiction over the practice of law by attorneys. Only the Supreme Court has such jurisdiction pursuant to Article II of the Supreme Court Rules.

However, the trial justice denied defendant's motion to dismiss plaintiff's claims entitled "Professional Negligence," "Legal Malpractice," and "Intentional Infliction of Emotional Distress." It is these later claims that

are the subject of defendant's petition for a writ of certiorari. On appeal plaintiff asserts that the trial justice erred in granting in part defendant's motion to dismiss.

At the onset, plaintiff's appeal was not timely filed. The appeal was filed thirty-seven days after judgment was entered. This court has held firm that it will not entertain untimely appeals.

■ Furthermore, plaintiff's second count, entitled "Deceit," alleges that "sometime between 1978 and 1983 plaintiff paid defendant Hines a fee to expunge all the records of a 1973 misdemeanor." The plaintiff subsequently discovered that the expunction had not occurred. The plaintiff then filed his complaint in 1993. Consequently count 2 is clearly time barred. There is no discovery rule applicable that would favor plaintiff.

With regard to plaintiff's federal and state constitutional claims, it would appear that after a review of plaintiff's own description of his federal court action, that the issues raised by plaintiff or those which could have been raised by plaintiff at that time, and the issues raised in the matter before us are identical to those raised in federal court.

We conclude that the trial justice properly denied defendant's motion because the events of which complaint was made appear to have occurred within the statutory period. It may be that pretrial discovery below will show otherwise. In that case defendant can move appropriately to enforce his rights in the Superior Court. The defendant's petition for certiorari to review the denial of the motion to dismiss those claims is denied at this time.

■ At the time of oral argument the plaintiff objected to our consideration of the defendant's brief, which had been filed only the day before. The plaintiff felt compelled to respond to several cases that had been cited to by the defendant. We advised the plaintiff that we would allow him two weeks in which to file a response to the defendant's brief. What he filed, however, was a motion to strike the defendant's brief. He submitted a long recitation of the facts in these cases by way of an affidavit in support of his motion to strike. All the contents of the affidavit constitute material that has been argued again and again in the trial courts, in this court and in the First Circuit Court of Appeals over the years that the plaintiff has been litigating these cases. The motion to strike is denied.

For all these reasons the plaintiff's appeal is denied and dismissed, the judgments and orders appealed from are affirmed. The defendant's petition for certiorari is denied, the writ previously issued is quashed and the papers of that case are remanded to the Superior Court with our decision endorsed thereon.

LEDERBERG, J., did not participate.