David DiLIBERO

v.

**STATE of Rhode Island.**

No. 2009–136–Appeal.

Supreme Court of Rhode Island.

June 4, 2010.

Catherine Gibran, Office of the Public Defender, for Plaintiff.

Lauren S. Zurier, Department of Attorney General, for Defendant.

**ORDER**

The petitioner, David DiLibero, appeals from an order denying his petition for a writ of habeas corpus. This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not summarily be decided. After examining the written and oral submissions of the parties, we conclude that this appeal may be resolved without further briefing or argument. For the reasons set forth in this order, we dismiss this appeal.

On November 10, 1992, Mr. Di-Libero pled nolo contendere to multiple robbery and conspiracy charges and was sentenced to concurrent forty-year terms of imprisonment, with twenty years to serve and twenty years suspended. He since has been sentenced to additional time to serve for a litany of drug-and robbery-

related offenses. Between March 2003 and May 2006, Mr. DiLibero was released on parole on four separate occasions. As a special condition of his parole, petitioner was required to cooperate with the electronic monitoring program,[1] which he did for a total of 449 days.

On September 4, 2008, Mr. DiLibero petitioned for a writ of habeas corpus. His petition appears to have been based on three arguments: (1) the time petitioner spent on community confinement while on parole should be credited toward his original sentence, (2) the good-time credits Mr. DiLibero may have accrued during the 449 days he spent on community confinement should also be credited toward his original sentence, and (3) time should be deducted from his original sentence for "meritorious service" performed during his incarceration.

On October 14, 2008, a hearing was held on the petition. At the hearing, Mr. DiLibero asserted two arguments to support his position that he should receive credit toward his full sentence for time spent paroled on community confinement. He argued first that his parole permit was a contract of adhesion and, second, that placing a parolee on community confinement violates the statute that governs the administration of community confinement, G.L.1956 § 42–56–20.2, when the total time the person is in prison and on community confinement exceeds his or her full sentence. In a decision denying petitioner's requested relief, the hearing justice stated that the plain and clear language of G.L. 1956 § 13–8–19(b)[2] precluded petitioner from receiving credit toward his full sentence for the time he spent as a parolee on community confinement. At the close of the hearing, the hearing justice issued a decision and entered an order denying the petition. On November 5, 2008, petitioner filed a notice of appeal.

Thereafter, petitioner requested bail pending this appeal, but this request was denied on July 27, 2009, after a hearing. This Court also denied petitioner's request for bail on September 16, 2009, but ordered that his appeal be expedited.

This appeal is procedurally deficient in a number of ways. At the outset, petitioner incorrectly sought relief by way of a writ of habeas corpus. General Laws 1956 § 10–9–1 provides:

"Every person imprisoned in any correctional institution or otherwise restrained of his or her liberty, other than persons imprisoned or restrained pursuant to a final judgment entered in a criminal proceeding, may prosecute a writ of habeas corpus, according to the provisions of this chapter, to obtain relief from the imprisonment or restraint, if it shall prove to be unlawful."

This Court has noted that § 10–9–1, "by its terms, excludes those persons who have been in prison following a final judgment of conviction. Those individuals may seek postconviction relief * * *."

---

1. "The electronic monitoring program requires a parolee to wear an electronic ankle bracelet." *Curtis v. State*, 996 A.2d 601, 603 n. 2 (R.I.2010). "[A] parolee may leave his or her residence only 'for work, education, training, court, medical, counseling services relating to transition of offenders in the community as determined by [his or her] parole officer, * * * religious services [,]' or to other locations approved by his or her parole officer." *Id.*

2. General Laws 1956 § 13–8–19(b) states: "The time between the release of the prisoner under the permit and the prisoner's return to the adult correctional institutions or the women's division of the adult correctional institutions under order of the board shall not be considered as any part of the prisoner's original sentence."

*State v. Grieco,* 430 A.2d 412, 413 n. 1 (R.I.1981). Mr. DiLibero was imprisoned as a result of a final judgment of conviction; thus, a petition for a writ of habeas corpus was an inappropriate avenue for relief from imprisonment. Furthermore, it should be noted that the denial of a petition for a writ of habeas corpus is not appealable. Section 10–9–22; *see also Granger v. Johnson,* 117 R.I. 440, 443, 367 A.2d 1062, 1064 (1977). Therefore, even if a writ of habeas corpus had been appropriate in this case, its denial could not be appealed to this Court.

█ In addition to its aforesaid infirmities, petitioner's appeal was untimely. Under Article I, Rule 4(a) of the Supreme Court Rules of Appellate Procedure, a notice of appeal must be filed within twenty days of entry of the judgment or order in Superior Court. Mr. DiLibero filed this appeal twenty-two days after the order entered. It is well settled that this Court will not entertain untimely appeals. *See, e.g., D'Amario v. Hines,* 655 A.2d 684, 686 (R.I.1995).

Even if this Court were to treat the petitioner's appeal as a common-law petition for a writ of certiorari, we would be unable to grant the requested relief. In light of *Curtis v. State,* 996 A.2d 601 (R.I. 2010), which was also issued today, it is apparent that Mr. DiLibero's appeal would have been unsuccessful if we were to decide it on its merits.

Therefore, this appeal is dismissed, and the papers may be returned to the Superior Court.

Justice INDEGLIA took no part in the consideration or decision of this appeal.