Tredwell A. HARRISON et al.,
Plaintiffs-Appellants,

v.

William G. BROOKS et al.,
Defendants-Appellees.

No. 74–1382.

United States Court of Appeals,
First Circuit.

Argued June 4, 1975.

Decided Aug. 4, 1975.

Douglas A. Randall, Quincy, Mass., for plaintiffs-appellants.

Jacob J. Locke, Boston, Mass., with whom Ficksman & Conley, Boston, Mass., were on brief, for Richard A. Hunt, appellee.

Joseph P. Hurley, Braintree, Mass., for Daniel A. Maloney, appellee.

Dace J. Moore, Boston, Mass., for William G. Brooks, appellee.

Alfred E. Nugent, Boston, Mass., with whom Dolbec, Nugent & Worthington, Boston, Mass., were on brief, for Joseph M. Magaldi, appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

Plaintiffs Harrison and his wife brought this civil rights action in 1968 against certain officials of the Town of Braintree.[1] The court dismissed the complaint for want of jurisdiction. We upheld the dismissal as to the first eight counts brought under 42 U.S.C. § 1983, but reversed as to counts IX and X which purported to state claims under 42 U.S.C. § 1985(3). *Harrison v. Brooks,* 446 F.2d 404 (1st Cir. 1971). Trial began in September 1974, and the court granted defendants' motions for a directed verdict at the close of plaintiffs' case and denied plaintiffs' motion for a new trial on the ground of newly discovered evidence. Plaintiffs now appeal from the judgment of dismissal entered on the directed verdict.

In 1964 Textron, Inc. built a factory adjacent to the Harrisons' home and laid driveways across the residentially zoned area on both sides of the house. The Harrisons brought a mandamus proceeding in state court against defendant Maloney to compel him to enforce a zoning by-law which in their view prohibited this use of residentially zoned property. The lower court refused to issue the writ, but the Supreme Judicial Court upheld the Harrisons' interpretation of the ordinance, staying its writ "to give an opportunity for orderly municipal action in respect to providing legal access to land in the industrial zone." *Harrison v. Building Inspector,* 350 Mass. 559, 563, 215 N.E.2d 773, 776 (1966). The town then adopted a new by-law purporting to validate all existing ways across residential land to other zoning districts and allowing future access ways by special permit from the zoning board of appeals. The Supreme Judicial Court upheld the by-law as it affected future ways but invalidated it insofar as it sought to legitimate all existing ways without an individual determination of reasonableness. *Harrison v. Braintree,* 355 Mass. 651, 247 N.E.2d 356 (1969). The driveways adjacent to the Harrisons' property were subsequently abandoned.

Counts IX and X, citing 42 U.S.C. § 1985(3), allege that after the Supreme Judicial Court's first decision the defendants, acting under color of state law, conspired to deprive plaintiffs of their right to equal protection of the law by "urging" and "persuading" the Braintree planning board to recommend and the town meeting to adopt an unconstitutional and invalid by-law to permit the continued use of the driveways.[2] *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), teaches that if § 1985(3) reaches conspiracies not motivated by racial animus, it does so only when there is "a class-based, invidiously discriminatory animus behind the conspirators' action." 403 U.S. at 102, 91 S.Ct. at 1798 [footnote omitted]. The requirement that the discrimination be "class-based" is not satisfied by an alle-

1. During the relevant period defendant Brooks was chairman of the town Industrial Commission; defendant Hunt, town counsel; defendant Magaldi, chairman of the Planning Board; and defendant Maloney, building inspector.

2. At trial plaintiffs sought unsuccessfully to amend the complaint to extend the conspiracy backwards in time to encompass the entire period from the construction of the Textron plant forward. Although evidence of events during this period was admitted, the court limited its significance to providing "background" for the conspiracy alleged in the complaint.

gation that there was a conspiracy which affected the interests of a class of persons similarly situated with the plaintiffs. Rather, the complaint must allege facts showing that the defendants conspired against the plaintiffs because of their membership in a class and that the criteria defining the class were invidious.

The class asserted by appellants, that of "residential property owners who own adjacent residential land illegally crossed by industrial access driveways" is descriptive of one group affected by appellants' dispute with appellees, but has little to do with appellees' reasons for advocating positions opposed to appellants. *See Bricker v. Crane,* 468 F.2d 1228, 1233 (1st Cir. 1972). The evidence that the adoption of the by-law was motivated by invidious animus against this class rather than the defendants' perceptions of the town's best interests is slim indeed.[3] Evidence of animus towards the Harrisons personally [4] is not probative. *See Turner v. Baxley,* 354 F.Supp. 963, 973 (D.Vt.1972). As we find no substantial evidence on the record of malice toward residential property owners or subjective realization that the by-law amendment was invalid, we think the court properly directed a verdict. *Magnat Corp. v. B & B Electroplating Co.,* 358 F.2d 794, 797 (1st Cir. 1966). Since the newly discovered evidence dealing with the Magaldi guarantee could not have changed the result, the motion for a new trial was also properly denied. *See* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2808, at 59–60 (1973).

*Affirmed.*

---

**3.** Defendants testified they opposed the closing of the access roads because the relocation of the industrial plants which might result from this step would cause the town great economic harm. They also testified that they believed the driveways were permissible under the town's zoning ordinances, an interpretation to which they persuaded the lower court in the mandamus action. In light of this testimony, their refusal to take action to close the roads during this period could not support an inference of malice toward residential owners; nor would Maloney's deviation from his usual practice of having complainants meet with alleged zoning law violators in order to work out an accommodation or Maloney's submission of pleadings identical to Textron's in the mandamus action. Nor does the record show that in responding to the Supreme Judicial Court's invitation to take "orderly municipal action" after the driveways were held to violate the zoning by-laws defendants adopted an ordinance they knew to be unconstitutional or were motivated by malice. Magaldi's acceptance of guarantees from industrial developers on a bank loan he took out bespeaks injudicious self-interest rather than animus toward residential property owners. *Cf. Kennedy Park Homes Ass'n v. City of Lackawanna,* 436 F.2d 108, 112–14 (2d Cir. 1970), *cert. denied,* 401 U.S. 1010, 91 S.Ct. 1256, 28 L.Ed.2d 546 (1971).

**4.** *E. g.,* Brooks' remark to a Textron official during trial of the Harrisons' state court nuisance action against Textron "I hope you beat [Harrison] and beat him good."