### Arthur D'AMARIO, III

v.

**Frank J. RUSSO; William Blackwell; The Distance, Inc.; Punch Enterprises; Capitol Records, Inc.; Harrison Funk; Gail Roberts; RTC Management; Jeff Ross.**

**Civ. A. No. 89–0111 L.**

United States District Court,
D. Rhode Island.

July 21, 1989.

Arthur D'Amario, III, pro se.

Kenneth P. Borden, Higgins, Cavanagh and Cooney, Providence, R.I., for RTC management and Gail Roberts.

Andrew F. Richardson, Providence, R.I., for Frank Russo.

Other defendants did not answer.

## MEMORANDUM AND ORDER

LAGUEUX, District Judge.

This civil action is before the Court on the following motions; (1) defendant Frank J. Russo's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) or in the alternative for summary judgment pursuant to Fed.R. Civ.P. 56; and (2) defendants Gail Roberts and RTC Management's motion to dismiss pursuant to the doctrine of federal abstention because a prior state action is pending. There is no indication that the remaining named defendants, Jeff Ross; William Blackwell; The Distance, Inc.; Punch Enterprises; Capital Records, Inc.; and Harrison Funk, have been served with process and a copy of the complaint, therefore the

Court will only decide the motions now pending.

orders—i.e. failing to comply with court ordered discovery.

## Background

This dispute arose directly out of an earlier action brought before this Court by the plaintiff, D'Amario, against the Providence Civic Center Authority [hereinafter "PROCCA"], and one of the named defendants, Frank J. Russo.

D'Amario was a freelance commercial photojournalist who photographed "rock" concert performers. D'Amario would consign his pictures to a commercial agency which in turn would sell the photos to entertainment-oriented publications. PROCCA frequently consented to and enforced a non-negotiable condition with performers that no photographs be taken of the performance. On several occasions, while this condition was in effect, D'Amario requested admittance to the Civic Center for the purpose of photographing entertainers, but was either denied access to the building or prevented from taking pictures.

Consequently, in May of 1983 D'Amario filed a complaint based upon 42 U.S.C. § 1983 against PROCCA and concert promoter, Frank J. Russo, alleging that such a deprivation was violative of his First Amendment rights of freedom of speech and freedom of the press. D'Amario sought declaratory and injunctive relief in addition to monetary compensation. On July 30, 1986, Judge Selya, then sitting as a District Judge, dismissed D'Amario's claim on the merits, ruling that PROCCA's "no camera" rule "does not impinge impermissibly upon freedom of speech or freedom of the press." *D'Amario v. Providence Civic Center*, 639 F.Supp. 1538, 1544 (D.R.I. 1986), *aff'd*, 815 F.2d 692 (1st Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 172, 98 L.Ed.2d 125 (1987).

The events leading up to Judge Selya's July 1986 decision are the subject of this action and were the basis for an identical claim brought by D'Amario before the Superior Court of Rhode Island in June of 1986. D'Amario's claim before the Superior Court was dismissed, however, in March of 1987 for his willful disobedience of court

## Complaint

The instant action is simply a refiling of the complaint brought before the Superior Court. D'Amario's complaint in four counts is against defendants, Frank J. Russo (hereinafter "Russo"); William Blackwell; The Distance, Inc.; Punch Enterprises; Capitol Records, Inc.; Harrison Funk; Gail Roberts (hereinafter "Roberts"); RTC Management (hereinafter "RTC"); and Jeff Ross. Counts I, II, and III are state civil actions brought on the heels of Count IV, a federal civil rights action. Count I alleges that the defendants libeled D'Amario. Count II alleges that the defendants breached contractual obligations with D'Amario, and Count III alleges that defendants' conduct resulted in the tortious interference with D'Amario's business relationships.

Count IV, the main thrust of D'Amario's action, purports to state a claim under 42 U.S.C. §§ 1985 and 1986, and alleges that, *inter alia*, the named defendants conspired to influence Judge Selya's decision through the alteration of evidence and the giving of false testimony. D'Amario asserts that his constitutional rights as provided by the First, Fifth and Fourteenth Amendments were violated. Yet, plaintiff fails to specify how defendants transgressed his rights. This Court can only assume that plaintiff's claims are based upon the following assertions: (1) that plaintiff was deprived of his rights of freedom of speech and freedom of the press as provided by the First Amendment of the United States Constitution; (2) that plaintiff was deprived of the right to due process in conjunction with the right to a fair trial as provided under the Fifth Amendment of the Constitution; and (3) that plaintiff was deprived of the right to equal protection of the laws under the Fourteenth Amendment of the Constitution.

Defendant Russo asserts that D'Amario's complaint should be dismissed for the following reasons: (1) based upon Fed.R. Civ.P. 12(b)(6), plaintiff has failed to assert

a valid claim pursuant to 42 U.S.C. §§ 1985 and 1986 upon which relief can be granted; and (2) even assuming plaintiff's § 1986 claim is valid, it would be time-barred by the statute of limitations requirements for such an action, thereby supporting a motion for summary judgment under Fed.R. Civ.P. 56. Defendants Roberts and RTC assert that D'Amario's complaint should be dismissed pursuant to the doctrine of federal abstention because of a prior state action pending by plaintiff.

## Discussion

### A. Defendant Russo's motion.

Since there is no diversity jurisdiction in the instant case, the Court's jurisdiction over Counts I, II and III, all state civil claims, turns upon the validity of Count IV, the only claim involving a federal question. Therefore, the analysis of this complaint will begin with an examination of D'Amario's claims as set forth in Count IV. For purposes of such an analysis, Count IV will be reviewed in three parts; (1) allegations of violations of the First Amendment rights of freedom of speech and freedom of the press; (2) allegations of Fifth Amendment due process and right to a fair trial violations; and (3) allegations of Fourteenth Amendment equal protection violations.

### 1. *First Amendment Freedom of Speech and Freedom of the Press.*

■ This Court is hard-pressed to decipher exactly what plaintiff's First Amendment claims are based on D'Amario's complaint fails to state any specifics pertaining to alleged First Amendment violations. It can only be assumed that the complaint is predicated upon the very same facts that served as the foundation for plaintiff's prior § 1983 civil rights action, previously litigated before this Court. As already stated, that action was dismissed on the merits by Judge Selya. Therefore, any First Amendment claims now before the Court are barred by the doctrines of res judicata and collateral estoppel and must be dismissed.

On the other hand, it may be that D'Amario is attempting to somehow "piggy-back" his First Amendment claims on top of his Fifth Amendment cause of action. As fully discussed hereinafter, however, plaintiff's Fifth Amendment claim is groundless and, therefore, his First Amendment claims must also fail if he is attempting to stack those claims.

### 2. *Fifth Amendment Due Process and Right to a Fair Trial.*

■ D'Amario's complaint also alleges due process violations under the Fifth Amendment. Specifically, he claims that the actions of the named defendants prevented him from receiving a fair trial and a just outcome. The thrust of D'Amario's assertion is that the named defendants conspired to influence Judge Selya's decision through the presentation of fabricated evidence and the giving of false testimony.

These assertions cannot be accepted by the Court because it is clear that Judge Selya's decision was based on an agreed statement of facts, which was approved by D'Amario and his attorney. It is also noteworthy, that while the complaint alleges that critical evidence and testimony were intentionally omitted from the prior proceeding, D'Amario has failed to join his attorney as a defendant in this action or to allege misconduct by him. Moreover, D'Amario has failed to allege any facts tending to show that he was denied a fair trial, or that a conspiracy did indeed exist. Therefore, plaintiff has failed to state a valid claim upon which relief can be granted and his claimed Fifth Amendment cause of action must be dismissed.

### 3. *Fourteenth Amendment Equal Protection.*

As best as this Court can make out from plaintiff's complaint, D'Amario's final claim is that he was denied equal protection of the laws under the Fourteenth Amendment. D'Amario alleges that the named defendants conspired to influence Judge Selya's 1986 decision, thereby preventing him from obtaining a favorable outcome, which would, in effect, have enabled him to photograph performers. D'Amario claims that the defendants' acts established an

actionable conspiracy under § 1985(2) and (3) and that the acts injured him as a member of a class of photojournalists known as freelance "rock" photographers.

Plaintiff also alleges a cause of action under § 1986. Section 1986 creates a cause of action for failure to prevent a conspiracy to interfere with civil rights. D'Amario asserts that while each defendant had knowledge of the conspiracy, none acted to prevent it. It has been established, however, that a claim predicated upon § 1986 fails absent a valid claim under § 1985. *Creative Environments, Inc. v. Estabrook*, 680 F.2d 822, 834 (1st Cir. 1982), *cert. denied*, 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982). Therefore, D'Amario's § 1985 claim will be reviewed first.

(a) 42 U.S.C. § 1985(2) and (3).

Sections 1985(2) and (3) read as follows:

*Conspiracy to interfere with civil rights * * ***

*Obstructing justice; intimidating party, witness, or juror*

(2) If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

*Depriving persons of rights or privileges*

(3) If two or more persons in any State or Territory conspire to go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

The First Circuit requires that "allegations of conspiracy be supported by material facts, not merely conclusory statements." *Slotnick v. Garfinkle*, 632 F.2d 163, 165 (1st Cir.1980), *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir.1977), *cert. denied*, 434 U.S. 1077, 98 S.Ct. 1268, 55 L.Ed.2d 783 (1978). While D'Amario's complaint provides an extensive chronology of facts, it fails to set forth specific acts of

collusion by the defendants. His bald assertion that the defendants conspired to influence Judge Selya's decision is not supported by allegations of material fact, and, thus, is insufficient to support a claim of conspiracy. Consequently, it must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

In addition, in order for D'Amario's complaint to be legally cognizable, and state a claim under 42 U.S.C. § 1985(2) or (3), he must allege that there was "some racial or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators action." *Griffin v. Brekenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). The First Circuit has interpreted that ruling to require a plaintiff to show the following: (1) that he is a member of a class readily recognizable and traditionally protected by the Civil Rights Act; (2) that the defendants' conspired to deprive him of equal protection rights because of his membership in that class; and (3) the criteria defining the class were invidious. *Fantasy Book Shop, Inc. v. City of Boston,* 531 F.Supp. 821, 825 (D.Mass.1982), referring to *Harrison v. Brooks,* 519 F.2d 1358, 1359–60 (1st Cir.1975); *Bricker v. Crane,* 468 F.2d 1228, 1232–1233 (1st Cir.1972), *cert. denied,* 410 U.S. 930, 93 S.Ct. 1368, 35 L.Ed.2d 592 (1973).

Plaintiff, D'Amario alleges that he is a member of a class of photojournalists known as "freelance rock photographers," and that the named defendants conspired against him because of that membership. However, it is clear that such a class does not fall within the protection of the Civil Rights Act, and, thus, does not serve as a base for making § 1985 claims. One federal court recently defined what constitutes a protected class as follows: "A class protected by statute proscribing deprivation of equal protection of the laws must be possessed of discrete, insular and immutable characteristics comparable to those characterizing classes such as race, national origin and sex." *Savina v. Gebhart,* 497 F.Supp. 65, 68 (D.Md.1980). The key factor is "immutable," i.e. not capable of change. The "characteristic" of being a freelance "rock" photojournalist certainly does not conform to this definition.

Common sense alone is sufficient authority for concluding that freelance "rock" photojournalists do not qualify as a protected class under the civil rights laws and a recent Federal case regarding a § 1985 civil rights action brought by a public drunk reinforces this determination. *Wagar v. Hasenkrug,* 486 F.Supp. 47 (D.Mont.1980). In denying the plaintiff's claim the *Wagar* court held: "Unlike racial or sexual animus, discrimination against public drunks is not animus based on immutable characteristics for which members of the alleged class have no responsibility, and therefore is not actionable under statute(s)." *Id.* at 50. In short, D'Amario assumes full responsibility for his chosen profession and has clearly failed to prove that freelance "rock" photographers constitute an appropriate class as required by 42 U.S.C. § 1985(2) or (3).

The second hurdle that a § 1985 plaintiff must clear is proving motivation. His "complaint must allege facts showing that the defendants conspired against him because of his membership in a class". *Harrison v. Brooks,* 519 F.2d at 1360. Even assuming D'Amario is a member of a statutorily protected class, he has failed to show that the defendants conspired to deny him equal protection because of his membership in that class. In fact, his complaint indicates that the alleged acts were directed against him as an individual.

As indicated by this Court in *Weiss v. Patrick,* 453 F.Supp. 717 (D.R.I.1978), *aff'd,* 588 F.2d 818 (1st Cir.1978), *cert. denied,* 442 U.S. 929, 99 S.Ct. 2858, 61 L.Ed.2d 296, "whenever an alleged conspirator's actions are directed against one as an individual, and not because that individual is a member of a particular class, a cause of action under § 1985(3) is not proved." *Id.* at 724, referring to *Griffin,* 403 U.S. at 102, 91 S.Ct. at 1798. Additional support is gained from the First Circuit case of *Harrison v. Brooks,* supra, which held that evidence of animus towards the plaintiff personally is not probative. *See generally, Hahn v. Sargent,* 523 F.2d 461, 469 (1st Cir.1975), *cert. denied,* 425 U.S.

904, 96 S.Ct. 1495, 47 L.Ed.2d 754; *Fantasy Book Shop, Inc. v. City of Boston*, 531 F.Supp. at 825; *Fiorino v. Turner*, 476 F.Supp. 962, 966 (D.Mass.1979).

D'Amario's allegation that the actions of the defendants affected the interests of a class of persons similarly situated is insufficient to rescue his § 1985 cause of action. "The requirement that the discrimination be 'class-based' is not satisfied by an allegation that there was a conspiracy which affected the interests of a class of persons similarly situated with the plaintiffs." *Harrison v. Brooks*, 519 F.2d at 1360; *see also, Creative Environments, Inc. v. Estabrook*, 680 F.2d at 834. The fact that Judge Selya's 1986 ruling, may have affected other freelance "rock" photographers is of no moment here. D'Amario needed to show, but has failed to do so, that the defendants conspired against him because of his membership in a protected class.

### (b) 42 U.S.C. § 1986.

■ As previously stated, a claim predicated upon 42 U.S.C. § 1986, for neglect to prevent a conspiracy, must fail absent a valid cause of action under § 1985. *Id.; Landrigan v. City of Warwick*, 628 F.2d 736, 739 (1st Cir.1983); *Hahn v. Sargent*, 523 F.2d at 469. D'Amario has failed to establish a valid cause of action under 42 U.S.C. § 1985(2) or (3), therefore, the dependent § 1986 action must be dismissed.

Even assuming that D'Amario stated a valid claim under § 1986, his action was untimely under the statute of limitations. The language of that section expressly states, "no action under this provision of this section shall be sustained which is not commenced within one year after the cause of action has accrued." 42 U.S.C. § 1986. The most recent possible date for the accrual of D'Amario's claim would be July 30, 1986, the date Judge Selya rendered his decision regarding plaintiff's original civil rights claim. D'Amario did not commence this action until January 6, 1989, well beyond the time constraints set forth in the statute of limitations. Therefore, even if D'Amario had stated a valid § 1986 action, it would be barred now. Under any view

of the complaint, it is evident that Count IV must be dismissed.

Jurisdiction over the remaining state claims, therefore is no longer supported by a federal question claim. This Court has refused to exercise jurisdiction over state claims when "no viable federal claim exists ... to which the state claims could be pendent." *Fleet Credit Corp. v. Sion*, 699 F.Supp. 368 (D.R.I.1988), *see generally Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). Pendent jurisdiction is a "doctrine of discretion, not of plaintiff's right". *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Since D'Amario has failed to assert a valid federal action and there is no diversity jurisdiction, this Court will not exercise jurisdiction over the remaining state claims.

For all these reasons, Russo's 12(b)(6) motion to dismiss the whole complaint as against him hereby is granted.

### B. Defendants Roberts and RTC Management's motion.

■ Defendants Roberts and RTC seek to have D'Amario's complaint dismissed under the doctrine of federal abstention as stated by this Court in *DeVona v. City of Providence*, 652 F.Supp. 683 (D.R.I.1987). The necessary predicate to invocation of such action is a prior state action still pending involving the same claim. Plaintiff's prior state action filed in June 1986, however, was dismissed in March of 1987. Thus, there was no state action pending when this case was filed and, of course, there is no pending state case now. Therefore, the motion of Roberts and RTC is denied on the ground asserted.

However, it is clear that D'Amario's complaint against those defendants fails to state a valid federal claim upon which relief can be granted. When one defendant files a motion to dismiss under 12(b)(6), the Court may consider the sufficiency of the complaint as against all other defendants. *Diaz v. Stathis*, 440 F.Supp. 634 (D.Mass. 1977), *aff'd*, 576 F.2d 9 (1st Cir.1978). Therefore, both that federal claim and the pendent state claims asserted against Rob-

erts and RTC must be dismissed for the same reasons set forth above with regard to Russo's motion.

### Summary

Plaintiff D'Amario's complaint against defendants, Russo, Roberts, and RTC Management hereby is dismissed.

*It is so Ordered.*