Arthur D'AMARIO, III,

v.

Frank J. RUSSO; William Blackwell; The Distance, Inc.; Punch Enterprises; Capitol Records, Inc.; Harrison Funk; Gail Roberts; RTC Management; Jeff Ross.

Civ. A. No. 89–0011L.

United States District Court, D. Rhode Island.

Nov. 14, 1990.

Arthur D'Amario, III, pro se.

Andrew S. Richardson, Boyajian, Harrington & Richardson, Providence, R.I., for Frank Russo.

Kenneth Bordon, of Higgins, Cavanagh & Cooney, Providence, R.I., for RTC Management and Gail Roberts.

Patrick Allienello, Providence, R.I., for The Distance, Punch Enterprises and Blackwell.

## MEMORANDUM AND ORDER

LAGUEUX, District Judge.

This civil action is before the Court on motions by plaintiff and four defendants. Plaintiff moves to recover his costs of personal service under Fed.R.Civ.P. 4(c)(2)(D). Defendants William Blackwell, The Distance, Inc., Punch Enterprises and Capitol Records, Inc., all move to dismiss the complaint based on two grounds: failure to state a claim for which relief can be granted under Fed.R.Civ.P. 12(b)(6), and untimely service of process under Fed.R.Civ.P. 4(j). In addition, Capitol Records moves to dismiss the complaint because of insufficient service of process under Fed.R.Civ.P. 4 and because the claim fails to allege fraud with particularity as required by Fed.R.Civ.P. 9.

The long-standing and much-litigated dispute that underlies this complaint arose when plaintiff was prevented from photographing rock music performances at the Providence Civic Center. Plaintiff sued the Providence Civic Center Authority and concert promoter Frank J. Russo, charging that they violated his First Amendment rights. The suit was dismissed on the merits. *D'Amario v. Providence Civic Center*, 639 F.Supp. 1538 (D.R.I.1986), *aff'd.* 815 F.2d 692 (1st Cir.1987), *cert. denied*, 484 U.S. 859, 108 S.Ct. 172, 98 L.Ed.2d 125 (1987). The present complaint alleges that the various defendants here, all from the "rock" music industry, conspired to improperly influence the outcome of the first litigation.

All claims arising from this complaint against defendants Frank J. Russo, Gail Roberts and RTC Management have previously been dismissed by this Court pursuant to Fed.R.Civ.P. 12(b)(6). *D'Amario v. Russo*, 718 F.Supp. 118 (D.R.I.1989). Defendant Jeff Ross, as far as the Court knows, has not yet been served. On September 19, 1990, plaintiff voluntarily dismissed his claims against defendant Harrison Funk, in return for Mr. Funk's promise to testify on plaintiff's behalf at any trial on the merits.

## BACKGROUND

Before this dispute arose, D'Amario worked as a freelance photographer, taking pictures of rock performers at concerts. Working through a commercial agency in New York, he sold his photos to entertainment publications. Many performers, however, included a clause in their contracts with the Providence Civic Center Authority prohibiting photographs at their concerts. Consequently, D'Amario, on several occasions, was prevented from photographing concerts at the Civic Center, or prevented from attending altogether when he stated his purpose.

In 1983, D'Amario filed a complaint in federal district court, based on 42 U.S.C. § 1983, against promoter Frank Russo and the Civic Center Authority, alleging that not letting him photograph concerts was a deprivation of his First Amendment rights of freedom of speech and freedom of the press. In 1986, Judge Selya, then a District Court judge, dismissed D'Amario's claim on the merits, holding that the 'no camera' rule did not violate plaintiff's First Amendment freedoms. *D'Amario v. Providence Civic Center*, 639 F.Supp. 1538 (D.R.I.1986).

D'Amario, frustrated and angry over the dismissal of his suit and his failure to get reversal on appeal, next filed a complaint in the Rhode Island Superior Court, alleging that the defense witnesses in the earlier federal case, among other things, had libelled him, slandered him, conspired against him and tortiously interfered with his business relationships. That state suit was dismissed in 1987 when D'Amario failed to comply with court-ordered discovery.

### Complaint

On January 6, 1989, D'Amario filed the present complaint. In it, he essentially rehashed the claims alleged in the state court proceeding. He named as defendants Frank Russo, a promoter of events held at the Providence Civic Center; William Blackwell, road manager for singer Bob Seger; The Distance, Inc., and Punch Enterprises, two promotion businesses run by Blackwell; record company Capitol Records, Inc.; Harrison Funk, former manager of the photo agency used by D'Amario; Gail Roberts, publicist for singer Diana Ross; RTC Management, Diana Ross's management company; and Jeff Ross, former road manager for Diana Ross.

In his somewhat vague and meandering complaint, plaintiff D'Amario, representing himself *pro se*, alleges basically that the defendants met at various times, in various groupings, traded defamatory and false information about him, and agreed to lie and withhold evidence in their depositions and other proceedings prior to the federal court trial. Actual legal claims include libel, slander, defamation, breach of contract, tortious interference with business relationships, intentional infliction of emotional distress and a federal civil rights claim based on 42 U.S.C. § 1985 and § 1986, alleging that defendants conspired to obstruct justice by denying plaintiff a fair trial in federal court.

Presently, the Court considers only the claims against defendants William Blackwell, The Distance, Inc., Punch Enterprises, and Capitol Records, Inc.

### Discussion

#### 1. Untimely service

Those four defendants have moved to dismiss the claims against them because plaintiff did not effect service of process in a timely manner. Fed.R.Civ.P. 4(j) requires that defendants be served with a summons and copy of the complaint within 120 days of the filing of the complaint. A plaintiff who fails to meet the deadline faces dismissal of the suit unless he can show good cause for the delay.[1] Here,

---

1. Fed.R.Civ.P. 4(j) reads as follows:
   *Summons: Time Limit for Service.* If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show

good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not

plaintiff filed his complaint on January 6, 1989. Service was not made on Blackwell, The Distance and Punch Enterprises until April 19, 1990. In the case of Capitol Records, service was not effected until June 1, 1990.

■ Although plaintiff clearly is not in strict compliance with the Rule, the Court finds that between the filing of the complaint and the final service of process, plaintiff made diligent efforts to effect service sufficient to defeat the motions to dismiss. In interpreting the Rule, the U.S. District Court for the Southern District of New York stated, "The harsh sanction of Rule 4(j) is appropriate to those cases in which non-service was the result of mere inadvertence. Where plaintiff has made a reasonable effort to serve defendant, Congress intended that the 120 day deadline be extended." *Geller v. Newell*, 602 F.Supp. 501, 502 (S.D.N.Y.1984) (citations omitted). *See also United States v. Ayer*, 857 F.2d 881 (1st Cir.1988); *Arroyo v. Wheat*, 102 F.R.D. 516 (D.Nev.1984). When the plaintiff has failed to make any attempt at service during the 120–day period, it is likely that a court will find that no showing of good cause for violation of the 120–day rule has been made. *See Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304 (5th Cir.1985); *Coleman v. Greyhound Lines, Inc.*, 100 F.R.D. 476 (N.D.Ill.1984).

The record in the instant case indicates that plaintiff attempted to serve all four defendants by sending a copy of the summons and complaint along with form 18–A to each, using first-class mail in compliance with Fed.R.Civ.P. 4(c)(2)(C)(ii). Those mailings occurred on January 14, 1989. None of the defendants acknowledged receipt. In February, 1989, plaintiff hired a Michigan constable who attempted, unsuccessfully, to serve Blackwell, The Distance and Punch Enterprises on numerous occasions throughout the month. On March 24, 1989, plaintiff petitioned this Court for alternative service of process, pursuant to Fed.R. Civ.P. 4(c)(2)(B)(iii). For reasons unknown to the Court, this motion was not brought to the attention of the Court. No evidence was presented at the hearing on this matter which indicates that blame for this inaction should be assessed against plaintiff. Approximately one year later, when there had been no ruling on the motion, plaintiff again employed private process servers, who finally succeeded in serving the four defendants in April and May of 1990.

The Court finds that plaintiff's efforts to notify defendants of the claims against them were reasonable and diligent under the circumstances, and that failure to effectively serve defendants was not "mere inadvertence." This conclusion is bolstered by three points.

First, plaintiff's exhibits indicate that defendants Blackwell, The Distance and Punch Enterprises tried to evade service. It appears that plaintiff's mailings to those defendants served as an "early warning" to them and they then managed to evade personal service when the constable came around thereafter. The constable visited Punch Enterprises five times and Blackwell and The Distance seven times, finally concluding (as he wrote to plaintiff) that defendants were evading service. The U.S. Court of Appeals for the First Circuit has held that, "Evasion of service by a putative defendant constitutes good cause for failure of service under Rule 4(j)." *Ruiz Varela v. Sanchez Velez*, 814 F.2d 821, 823 (1st Cir.1987).

Second, plaintiff acted in good faith and did not "sleep on his rights." He certainly did not stand to benefit from any delay. Conversely, defendants have made no showing that they were prejudiced by the delay in service. These are all factors considered by the First Circuit in granting the plaintiff an extension in *U.S. v. Ayer*, 857 F.2d 881, 885 (1st Cir.1988).

■ Finally, a court may grant some leniency to a *pro se* plaintiff who diligently pursues his claim. In *LaBruno v. Fauver*, the District Court of New Jersey denied defendant's Rule 4(j) motion to dismiss, noting that "plaintiff, then a *pro se*, has demonstrated reasonable efforts as a layman to effectuate service ..." 109 F.R.D.

---

apply to service in a foreign country pursuant to

subdivision (i) of this rule.

43, 44 (D.N.J.1985). *Cf. Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (*pro se* complaint held to less stringent standard than formal pleadings drafted by lawyers).

For all the above reasons, the motions to dismiss for untimely service advanced by defendants William Blackwell, The Distance, Inc., Punch Enterprises and Capitol Records, Inc., are denied.

### 2. Service of process on Capitol Records, Inc.

Capitol Records, Inc., moves to dismiss the action claiming that the process served on an employee of its New York office was not valid under any section of Fed.R.Civ.P. 4.

Fed.R.Civ.P. 4(c)(2)(C)(i) provides in part: (C) A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (3) of subdivision (d) of this rule—

(i) pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant in action brought in the courts of general jurisdiction of that State, or ...

(Section (3) of subdivision (d) concerns domestic or foreign corporations). Likewise, subdivision (e) of Rule 4, subtitled "Service Upon Party Not Inhabitant of or Found Within State," authorizes service to be effected according to the law of the forum state.[2]

Rhode Island Superior Court Rules of Civil Procedure 4(d)(3) provides for service to be made as follows:

(3) Upon a private corporation, domestic or foreign, by delivering a copy of the summons and complaint to an officer, a managing or general agent, *or by leaving a copy of the summons and complaint at an office of the corporation with a person employed therein,* or by delivering a copy of the summons and complaint to an agency authorized by appointment or by law to receive service of process, provided that if the agent is one designated by statute to receive service, such further notice as the statute requires shall be given. (emphasis added).

■■■ By defendant's own admission, plaintiff's process server left the summons and complaint at the New York office of Capitol Records with an employee, "believed to be a secretary." (Defendant Capitol Records' memorandum of law in support of its motion to dismiss, page 3). Service on the secretary is clearly in compliance with Rhode Island Rule 4(d)(3). Moreover, this method of service, along with the summons sent by first class mail, was sufficient to put defendant on notice of the pending complaint, which is the primary constitutional purpose of process. *Day v. J. Brendan Wynne, D.O., Inc.,* 702 F.2d 10, 11 (1st Cir.1983). Consequently, defendant Capitol Records' motion to dismiss for insufficient service of process is denied.

### 3. Plaintiff's motion to recover costs of personal service

Plaintiff's motion calls for defendants to reimburse him for the costs of personal service, pursuant to Fed.R.Civ.P. 4(c)(2)(D), which states:

Unless good cause is shown for not doing so the court shall order the payment of the costs of personal service by the person served if such person does not complete and return within 20 days after mailing, the notice and acknowledgment of receipt of summons.

In discussing the amendment to Rule 4 made to allow first class mail service, the U.S. District Court for the Western District of New York explained:

or (2) for service upon or notice to such a party to appear and respond or defend in an action by reason of the attachment or garnishment or similar seizure of the party's property located within the state, service may in either case be made under the circumstances and in the manner prescribed in the statute or rule.

---

**2.** The second and pertinent sentence of Fed.R. Civ.P. 4(e) reads:

Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state,

The intent behind the amendments to Rule 4 enacted by Congress in 1983 appears to be to lower the costs of litigation by providing a cheaper and simpler alternative for process service and to relieve the federal Marshal's service of this obligation in most civil cases. Where a defendant fails to cooperate, subdivision (c)(2)(D) provides a remedy whereby such defendant will be charged with the costs of his own recalcitrance.

*Morse v. Elmira Country Club*, 102 F.R.D. 199, 201 (W.D.N.Y.1984), *rev'd on other grounds* 752 F.2d 35 (2nd Cir.1984). *See also McDonald v. U.S.A.*, 898 F.2d 466, 468 (5th Cir.1990); *Premier Bank, National Association v. Ward*, 129 F.R.D. 500, 502 (M.D.La.1990); *Gear, Inc. v. L.A. Gear California, Inc.*, 637 F.Supp. 1323, 1326 (S.D.N.Y.1986).

Courts have found "good cause" for not reimbursing plaintiff's costs where the mailed service was found to be invalid. *Capitol Hardware Mfg. Co., Inc. v. NATCO, Inc.*, 707 F.Supp. 374, 376 (N.D.Ill. 1989); *Bernard v. Strang Air, Inc.*, 109 F.R.D. 336, 337 (D.Neb.1985).

■ In the present case, plaintiff properly mailed his Forms 18–A (Notice and Acknowledgment of Receipt of Summons and Complaint) on January 14, 1989, eight days after he filed the complaint. None of the four defendants acknowledged receipt of the papers, so plaintiff resorted to personal service, ultimately incurring costs totalling $150.00. The Court concludes that these costs must be borne by defendants; $100.00 from Capitol Records, Inc., and $50.00 in total from the other three defendants (Blackwell and his companies).

Plaintiff's motion to recover those service costs, therefore, is granted.

### 4. Defendants' motions to dismiss for failure to state a claim

These four defendants have moved to dismiss the complaint pursuant to Fed.R. Civ.P. 12(b)(6). To support their motions, defendants cite *D'Amario v. Russo*, 718 F.Supp. 118 (D.R.I.1989), where this Court dismissed the complaint against three other defendants, for failure to state a claim upon which relief could be granted.

Plaintiff's complaint comprises several state law claims and a two-part federal civil rights cause of action: conspiracy to obstruct justice under 42 U.S.C. § 1985, and failure to prevent that conspiracy, under § 1986. Since plaintiff's sole claim to federal court jurisdiction relies on the civil rights charge (there being no diversity jurisdiction), the Court will examine that cause of action exclusively.

Since this Court's first *D'Amario* decision was rendered, plaintiff has attempted to further clarify his federal civil rights claim. Plaintiff now asks that the Court direct its attention to part (2) of § 1985, conspiracy to obstruct justice in a federal court.[3] Plaintiff points out that, under the pertinent section of part (2), no showing of class-based discrimination or racial animus is necessary to maintain a cause of action. This is correct. *Kush v. Rutledge*, 460 U.S. 719, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983); *Irizarry v. Quiros*, 722 F.2d 869 (1st Cir.1983).

■ However, plaintiff still must make a showing that there is some evidence of a conspiracy, or demonstrate that he was denied a fair trial. Referring to a § 1985 suit brought by a *pro se* plaintiff, the First Circuit, said, "Though we are mindful that pro se complaints are to be read generously, allegations of conspiracy must nevertheless be supported by material facts, not

---

**3.** The first clause of 42 U.S.C. § 1985 provides:

(2) If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict,

presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such a juror; ...

(3) ... the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

merely conclusory statements." *Slotnick v. Garfinkle,* 632 F.2d 163, 165 (1st Cir. 1980). *See also Shakespeare v. Wilson,* 40 F.R.D. 500 (S.D.Cal.1966).

Plaintiff's claim of conspiracy here relies on allegations that defendants lied in their depositions and withheld important evidence in the initial litigation before Judge Selya. These charges are thoroughly undermined by one key piece of information: that case was submitted to Judge Selya upon a stipulated record, that is, a statement of facts agreed upon by both plaintiff and defendants. *D'Amario v. Providence Civic Center,* 639 F.Supp. 1538, 1540 (D.R.I.1986). Plaintiff doesn't explain at what point in these proceedings he discovered that a conspiracy existed. It is clear that plaintiff was present at many of the incidents related in the complaint and he must have been aware of any alleged discrepancies and mischaracterizations of those events in the depositions of defendants *before* the record and facts were stipulated to by him and his attorney. Plaintiff has utterly failed to make any allegation as to why he did not object to the stipulated record before it was filed. In addition, plaintiff has failed to make any allegation that he discovered the alleged conspiracy *after* the suit was decided. In short, plaintiff's claims, fashioned after the dismissal of his first suit, are vague, conclusory and unsupported by material facts. Consequently, plaintiff's federal civil rights claim based on 42 U.S.C. § 1985 must be dismissed for failing to state a cause of action.

Plaintiff also alleges that defendants failed to prevent the § 1985 conspiracy, which constitutes a violation of § 1986. However, a claim predicated upon § 1986 founders absent a valid claim under § 1985; thus this companion claim must also be dismissed. *Creative Environments, Inc. v. Estabrook,* 680 F.2d 822, 834 (1st Cir. 1982), *cert. denied,* 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982).

### Conclusion

The motions of the four defendants to dismiss for untimely service of process are denied. The motion of Capitol Records to dismiss for improper service of process is denied.

Plaintiff's motion to recover service costs of $100.00 against Capitol Records and $50.00 against the Blackwell defendants is granted.

The motions of the four defendants to dismiss the federal claims made under § 1985 and § 1986 for failure to state a cause of action are granted. Since there is no viable federal claim in this case, the Court refuses to assert jurisdiction over the remaining state claims. Therefore, the entire complaint is dismissed as against the four defendants, Capitol Records, Inc., William Blackwell, The Distance, Inc., and Punch Enterprises.

Only Jeff Ross now remains as a defendant in this case. The Court does not know what plaintiff's intentions are with respect to that defendant and it is unclear whether plaintiff has even attempted to make service on him. In any event no judgment will be entered in this case until the claims against Ross are resolved. The Court intends to issue an order to plaintiff to show cause why the action against Ross should not be dismissed for lack of prosecution. In addition, when it comes time to enter a judgment in this case, the Court intends to give defendants an opportunity to file a motion for counsel fees under 42 U.S.C. § 1988 and/or Rule 11. *See, Silva v. Witschen,* 745 F.Supp. 798 (D.R.I.1990).

*It is so Ordered.*