McInerney v. Heneghan                    CV-93-404-B    05/16/96

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Timothy O'D. McInerney, et al.

v.                                             Civil No. 93-404-B

Jarlath M. Heneghan, Legatee
 and Executor of the Estate of
 Margaret T. Legeas, et al.


**O R D E R**

Timothy McInerney was ordered on November 6, 1995, to

complete service of process on the defendant, Jarlath Heneghan,

as provided by Federal Rule of Civil Procedure 4.  McInerney

failed to do so within 120 days of the order as required by Rule

4(m).  On May 2, 1996, I issued an order requiring McInerney to

show cause why the case should not be dismissed for failure to

complete service.  I now review McInerney's response in light of

the requirements of Rule 4(m).[1]

---

[1]  The amendments to Rule 4, including 4(m), were not
effective until December 1, 1993, but the Supreme Court mandated
that the amendments "'shall govern . . . insofar as just and
practicable, all proceedings in civil cases then pending.'"
Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d
Cir. 1995) (quoting The Order of the United States Supreme Court
Adopting and Amending the Federal Rules of Civil Procedure (April
22, 1993)).  In this case it is just and practicable to apply
Rule 4(m) retroactively.

Rule 4(m) provides:

> If service of the summons and complaint is not made
> upon a defendant within 120 days after the filing of
> the complaint, the court, upon motion or on its own
> initiative after notice to the plaintiff, shall dismiss
> the action without prejudice as to that defendant or
> direct that service be effected within a specified
> time; provided that if the plaintiff shows good cause
> for the failure, the court shall extend the time for
> service for an appropriate period.  This subdivision
> does not apply to service in a foreign country pursuant
> to subdivision (f) or (j)(1).

Although the First Circuit has not addressed the differences
between old Rule 4(j) and its amended version at Rule 4(m), the
Third Circuit has interpreted Rule 4(m) to require a two-step
analysis:

> First, the district court should determine whether good
> cause exists for an extension of time.  If good cause
> is present, the district court must extend time for
> service and the inquiry is ended.  If, however, good
> cause does not exist, the court may in its discretion
> decide whether to dismiss the case without prejudice or
> extend time for service.

Petrucelli, 46 F.3d at 1305; accord Espinoza v. United States, 52
F.3d 838, 841 (10th Cir. 1995).  The plaintiff bears the burden
of showing good cause for an extension of time.  United States v.
Ayer, 857 F.2d 881, 884-85 (1st Cir. 1988).  McInerney's pro se
status does not excuse him from complying with Rule 4.  See
F.D.I.C. v. Anchor Properties, 13 F.3d 27, 31 (1st Cir. 1994).

2

A plaintiff must demonstrate reasonable diligence toward effecting timely service to show good cause in support of an extension of time to complete service. Bachenski v. Malnati, 11 F.3d 1371, 1376-77 (7th Cir. 1993); Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir. 1985); D'Amario v.Russo, 750 F. Supp. 560, 563 (D.R.I. 1990). A defendant's intentional evasion of service may constitute good cause. Ruiz Varela v. Sanchez Velez, 814 F.2d 821, 823 (1st Cir. 1987). Failure to make any effort to serve the defendant within the time allotted generally will be excused only by "substantial extenuating factors such as sudden illness or natural disaster" that are beyond the plaintiff's control. Floyd v. United States, 900 F.2d 1045, 1047 (7th Cir. 1990); accord Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir. 1985); Gambino v. Village of Oakbrook, 164 F.R.D. 271, 274 (M.D. Fla. 1995).

McInerney has not shown that he tried to serve the defendant in the six months since the November 6 order. Instead, he contends that he did not serve the defendant because his activities were limited by the severe winter, his treatment for prostatitis requiring two hospitalizations, and his advanced age. While the winter just past was undeniably cold and snowy, it would not qualify as a natural disaster in comparison with other

3

New England winters.

Illness may constitute good cause for failing to effect service if the illness is so physically and mentally disabling as to prevent the actions necessary for service. See, e.g., LeMaster v. City of Winnemucca, 113 F.R.D. 37 (D. Nev. 1986) (attorney's extensive chemotherapy and radiation treatments for cancer requiring hospitalization three days per week excused seventeen day delay in serving defendant). McInerney's description of his medical treatment for his prostatitis does not include the dates of onset or treatment periods to establish when he might have been disabled due to illness. Thus, even assuming his illness would meet the disabling standard, he has not shown that the illness interfered with his efforts to serve the defendant for the entire 120 day period. He also does not explain why he did not either seek assistance from an attorney or file a motion requesting an extension of time based on his circumstances. Therefore, McInerney has not shown that good cause existed for his failure to serve the defendant within the 120 day period.

At the second step of the Rule 4(m) analysis, I may provide McInerney an extension of time to serve the defendant despite the lack of good cause excusing his failure. In this case, however,

4

a further extension is not warranted. The case is now nearly three years old, and the defendant has yet to be served.[2] McInerney indicates that his medical problems are likely to continue and even worsen, and yet, despite the difficulty he as experienced in complying with court orders, he has not chosen to be represented by an attorney. Although he promises that he would now give service of process his top priority, it seems likely that his prosecution of the suit again would lag even if service on the defendant were finally accomplished. In the meantime, the defendant's interest in a final resolution of the estate at issue here would be prejudiced by allowing the suit to continue indefinitely. Therefore, I decline to exercise my discretion to grant an extension of time, and I dismiss the suit without prejudice.

---

[2] McInerney filed his first complaint in July 1993 which he amended in September 1993. He was granted an opportunity on January 6, 1995, to amend his complaint again, to remedy jurisdictional deficiencies as to the individual defendants, and an extension to file by February 28, 1995, which he failed to do. On September 22, 1995, I ordered him to file his amended complaint which he did within the time allowed. After reviewing the amended complaint, on November 6, 1995, I ordered him to serve the defendants pursuant to Rule 4. He did nothing further until my show cause order of May 2.

SO ORDERED.


_____
Paul Barbadoro
United States District Judge


May 16, 1996

cc.  Timothy McInerney