# IN THE COURT OF APPEALS OF IOWA

No. 24-0059
Filed February 19, 2025

**ANA VALERIA HUETE,**
        Plaintiff-Appellee,

**vs.**

**ANDREW ZINNEL,**
        Defendant-Appellant.

_____

**YESSICA RAMIREZ,**
        Plaintiff-Appellee,

**vs.**

**ANDREW ZINNEL,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Humboldt County, Kurt J. Stoebe, Judge.

On interlocutory review, a motorist sued for negligence appeals the denial of his pre-answer motions to dismiss for untimely service of a petition. **REVERSED AND REMANDED.**

Zachary D. Clausen of Klass Law Firm, L.L.P., Sioux City, for appellant.

Jason M. Finch of Jason Finch & Associates, P.C., Omaha, Nebraska, for appellees.

Considered by Schumacher, P.J., and Buller and Langholz, JJ.

**SCHUMACHER, Presiding Judge.**

In this consolidated interlocutory appeal, we must determine whether good cause existed to extend the deadline to serve the plaintiffs' petition on defendant Andrew Zinnel. Zinnel claims the district court erred in denying his motions to dismiss as the district court relied solely on "the *Rucker* standard of disproportionate impact." *See Rucker v. Taylor*, 828 N.W.2d 595, 603–04 (Iowa 2013). As we find a lack of good cause in the plaintiffs' failure to timely serve the defendant, we reverse and remand for the entry of an order granting Zinnel's motions to dismiss.

## I.      Background Facts and Proceedings

Plaintiffs Ana Valeria Huete and Yessica Ramirez were involved in a motor vehicle accident with Zinnel on August 17, 2021. Plaintiffs alleged Zinnel's vehicle "failed to yield" and struck their vehicle as they were driving through an intersection. After the accident, the plaintiffs were treated in the emergency room for "chest, abdominal, and neck injuries." In lawsuits filed on August 11, 2023, plaintiffs claimed Zinnel's negligence caused the accident and they incurred medical expenses, lost income, and other damages as a result. Plaintiffs also named State Farm Insurance, Zinnel's insurer, as a defendant.

Under Iowa Rule of Civil Procedure 1.302(5), plaintiffs were required to serve Zinnel and State Farm with original notice of their suits by November 9. *See* Iowa R. Civ. P. 1.302(5) (providing a ninety-day deadline for service of original notice). The plaintiffs failed to do so. The plaintiffs did not file a request to extend the time for service. On November 20, Zinnel and State Farm filed pre-answer motions to dismiss under rule 1.302(5). State Farm raised an additional ground

for dismissal, claiming plaintiffs failed to state a claim against it as a third-party insurer without first obtaining a judgment against Zinnel.

Plaintiffs resisted dismissal, claiming they substantially complied with rule 1.302 by having the Humboldt County Sheriff's Office serve the petition and a cover letter to Lee Smith, a "local rep of State Farm," on September 15. The cover letter from plaintiffs' attorney Jason Finch to State Farm stated:

> RE: Ana Valeria Huete
>     Insurance Policy # (Mr. Zinnel): [XXX XXXX-XXX-XXX]
>     Date of Incident: 08/17/2021
> To Whom it May Concern,
> The purpose of this letter is to inform you of the Personal Injury Complaint that was filed in Humboldt County, Iowa. You have 20 days to respond to this letter.

According to plaintiffs, the information contained in the petition and cover letter "constituted the original notice." Plaintiffs also argued that "good cause exists to allow the matter to move forward" as they "made a good faith effort to comply with [rule] 1.302(5)."

Hearing on the motions took place on December 4, during which plaintiffs pointed to pre-lawsuit correspondence dated July 17 from Finch to defendants in the form of a settlement demand, as well as a letter dated September 28 from defendants' attorney, Zachary Clausen:

> Re: Ana *Valeria Huete and Yessica Ramirez vs. State Farm Insurance and Andrew Zinnel*
> Dear Mr. Finch:
> Please be advised that my office represents State Farm Insurance and Andrew Zinnel in the above referenced matters. I will be filing an appropriate response[] to your Petitions in the near future.
> In order to more efficiently proceed in this matter, please provide a patient's waiver consistent with the provisions of Iowa Code section 622.10 at your earliest convenience along with a list of your clients' pre- and post-accident treating medical providers. Thank you.

State Farm accepted service on November 29. Zinnel was served on December 6, after the hearing on the motion to dismiss was held.[1]

The court later entered an order on the motions. The court found although "Plaintiffs' attempt at service was deficient" and there was no evidence of an "implied contract" between the parties to delay service that could support a finding of good cause, dismissal would disproportionately impact plaintiffs because the statute of limitations had run. The court denied Zinnel's motions to dismiss but granted the motions to dismiss as to State Farm on the alternative ground raised, finding State Farm was "not [a] suable entity under the facts of the petition."[2] Zinnel successfully sought interlocutory review and a stay of the proceedings pending this appeal; the supreme court transferred the interlocutory appeal to our court for disposition.

## II.     Standard of Review

We review the district court's denial of Zinnel's motions to dismiss for correction of legal error. *See Rucker*, 828 N.W.2d at 598. "Ordinarily, the pleadings in the case form the outer boundaries of the material subject to evaluation in a motion to dismiss." *Id.* But if a party moves to dismiss based on untimely service, "a court is permitted to consider facts outside the pleadings."[3] *Id.*

---

[1] In *Rucker*, counsel did not serve original notice on the defendants until receiving a reminder from the district court administrator six days after the ninety-day period had expired. 828 N.W.2d at 597.

[2] Plaintiffs did not appeal the court's ruling. State Farm is therefore not a party to this appeal.

[3] In his reply brief, Zinnel correctly points out plaintiffs' attempt to take this exception too far by referencing material "that is not included in the district court record." For example, plaintiffs assert in appellate briefing that a copy of the complaint was mailed to Zinnel on September 22, 2023, although such letter is not

at 598–99. If the district court's findings of fact are supported by substantial evidence, they are binding on appeal. *Id.* at 599. "We are not bound, however, by either the legal conclusions or application of legal principles reached by the district court." *Id.*

## III. Analysis

Zinnel claims the court erred in extending time for service and in denying his motions to dismiss under rule 1.302(5). That rule provides:

> If service of the original notice is not made upon the defendant . . . within 90 days after filing the petition, the court, upon motion or its own initiative after notice to the party filing the petition, shall dismiss the action without prejudice as to that defendant . . . . If the party filing the papers shows good cause for the failure of service, the court shall extend the time for service for an appropriate period.

Iowa R. Civ. P. 1.302(5). For good cause to be shown, "the plaintiff must have taken some affirmative action to effectuate service of process upon the defendant or have been prohibited, through no fault of his own, from taking such an affirmative step." *Meier v. Senecaut*, 641 N.W.2d 532, 542 (Iowa 2002) (quoting *Carroll*, 610 N.W.2d at 858). "Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service have generally been waived as insufficient to show good cause." *Id.*

> [G]ood cause is likely (but not always) to be found in the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third party, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the

---

contained in the district court record. While we consider matters outside the pleadings contained in the record before the district court, we do not consider statements or matters outside that record. *See, e.g., Carroll v. Martir*, 610 N.W.2d 850, 856 (Iowa 2000) ("We therefore consider here matters outside the pleadings raised in the motion to dismiss, the resistance, the reply to the resistance (including documents submitted in support of the resistance), and Foxhoven's affidavit in support of the resistance to the motion to dismiss.").

plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances.

*Wilson v. Ribbens*, 678 N.W.2d 417, 421 (Iowa 2004) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1137 at 342 (3rd ed. 2002) [hereinafter 4B Wright & Miller]).

Zinnel argues that plaintiffs "cannot prove anything beyond the disproportionate impact of dismissal to establish good cause" and maintains that "[a]llowing the case to proceed under the current facts simply because suit would be dismissed would render the service of process rules completely meaningless." In support of this argument, Zinnel argues:

> there was no service or attempted service within the 90-day timeframe on Defendant Zinnel, no agreement to delay service, and no good cause or motion requesting an extension for good cause. Likewise, there is no evidence or argument that the Plaintiffs were prevented through no fault of their own from accomplishing or attempting service during the 90-day period, or that there was any misleading conduct by Defendant.

The district court found "Plaintiffs' attempt at service was deficient." The court further found "there was no discussion by either attorney of service of process, and certainly plaintiffs' counsel did not express a plan to delay service"; accordingly, there was no evidence of an "implied contract" to delay service. *See Rucker*, 828 N.W.2d at 601–02 (observing that an express or implied contract to delay service may "serve as the basis for good cause"). While there was communication between attorneys Finch and Clausen indicating defendants were aware of the lawsuit and planned to file "an appropriate response[]," there was neither an agreement to delay service nor a statement of intention to delay service and continued negotiations. And "[t]he existence of ongoing settlement

negotiations is not a sufficient reason for delaying service," *Larson v. Stech*, No. 20-1377, 2021 WL 2135169, at *4 (Iowa Ct. App. May 26, 2021).

In *Rucker*, our supreme court highlighted the "analogous" federal rule:

[a] dismissal without prejudice under Rule 4(m) for failure to serve process is intended to leave the plaintiff in the same position as if the action never had been filed. This raises a difficult question when the statute of limitations has expired between the filing of the complaint and the dismissal of the action for noncompliance with Rule 4(m). Although technically the dismissal is without prejudice, realistically if the plaintiff's action is now barred by the running of the limitations period his or her rights have effectively been terminated.

828 N.W.2d at 603 (quoting 4B Wright & Miller § 1137, at 399). The court observed, "Because our rule [1.302(5)] is exceedingly similar to Rule 4(m), we find federal court interpretations persuasive." *Id.* at 604. The *Rucker* court looked to an advisory committee's note to rule 4(m), which stated "[r]elief may be justified . . . if the applicable statute of limitations would bar the refiled action." *Id.* (citation omitted). The court also highlighted federal interpretations of the rule, which found "the time limit for service was not meant to be 'enforced harshly and inflexibly'" or used as "an instrument of oppression." *Id.* (quoting *United States v. Ayer*, 857 F.2d 881, 885–86 (1st Cir. 1988)). It also noted, "federal courts limit the 'harsh sanction' of dismissal (even a nonprejudicial one) to cases 'in which non-service was the result of mere inadvertence.'" *Id.* (quoting *D'Amario v. Russo,* 750 F. Supp. 560, 563 (D.R.I. 1990)). The district court relied on that reasoning, finding:

The statute of limitations has run in the present case. As in *Rucker*, the parties cannot be restored to the same positions that they enjoyed at the beginning of the suit because the plaintiffs would be barred from recovery.

The plaintiffs did not entirely ignore their obligations to file suit. They sent a demand letter. They timely filed their petitions and they timely attempted service of process on one party, albeit ineffectively. Nevertheless, the Court finds that under the *Rucker* standard of

disproportionate impact, the defendants' motion to dismiss should be denied as to Zinnel.

We disagree. Plaintiffs took action toward effectuating service only on State Farm, who is not a party to this appeal. The record is devoid of any attempt to serve Zinnel until after the hearing on the motion to dismiss. We concur with the district court's finding that plaintiffs did not act with the required diligence. We recognize in the instant appeal the statute of limitations has run on plaintiffs' action, placing their substantive rights at stake upon dismissal. *See Rucker*, 828 N.W.2d at 603 ("Because the substantive rights of a plaintiff can be at stake through the application of a statute of limitations, it is important that the good-cause standard under rule 1.302(5) not be applied too narrowly."). And we also recognize that when the supreme court revisited that principle in *Rucker*, the court "erased any bright line previously indicating settlement negotiations can never constitute good cause for a delay in service." *Feldhacker v. West*, No. 12-2003, 2013 WL 3855694, at *5 (Iowa Ct. App. July 24, 2013).

We do not adopt the plaintiffs' assertion that "the very effect of the dismissal creates good cause" to deny the motions to dismiss, as we do not read *Rucker* to extend the definition of mitigating circumstances that far. With no actions taken to serve Zinnel, a lack of motions to extend the time for service, and the absence of any agreement, implied or otherwise, to delay service, we find good cause does not exist for an extension of time to serve Zinnel.[4]

---

[4] Justice Waterman's dissent in *Rucker* highlighted a preference for resolving cases on their merits, observing that amending our service rule to conform to Federal Rule of Civil Procedure 4(m) would "allow[] for some play in the joints." 828 N.W.2d at 607 (Waterman, J., dissenting). The district court would have the ability to either afford or to deny relief without being subject to an appellate

Accordingly, we reverse and remand to the district court for entry of an order granting Zinnel's motions to dismiss.

**REVERSED AND REMANDED.**

---

reversal, noting the standard set forth in *Rucker* would "likely lead to increased appellate litigation in this area." *Id.*