NATIONAL FOOTBALL LEAGUE
PLAYERS ASSOCIATION,
Plaintiff,

v.

PRO–FOOTBALL, INC.,
et al., Defendants.

Civ. A. No. 93–2665.

United States District Court,
District of Columbia.

Dec. 30, 1993.

Hogan & Hartson, by Robert W. Tredick, Robert B. Cave, Washington, DC, Dennis Curran, New York City, Akin, Gump, Strauss, Hauer & Feld, by James E. Conway, Washington, DC, Stuart A. Haney, Jack Kent Cooke, Inc., Middleburg, VA, for Profootball Inc. & Washington Redskins.

Richard A. Berthelsen, General Counsel, Timothy J. Enlish, Staff Counsel, Weil, Gotshal & Manges by Richard Ben–Veniste James W. Robertson, Washington, DC, for NFL Players Assoc.

## ORDER

JOYCE HENS GREEN, District Judge.

Today, plaintiff National Football League Players Association ("NFLPA") filed against defendants Pro–Football League, d/b/a Washington Redskins ("the Redskins") and the National Football League Management Council ("NFLMC") a complaint accompanied by a motion for a temporary restraining order ("TRO"). That TRO application requests that this Court direct the defendants to comply with an arbitration award that requires the defendants to suspend, not later than 1:00 p.m. E.S.T. December 31, 1993, all Redskins players, except Terry Orr ("Orr"), who have failed to pay union dues or a service fee in accordance with the Collective Bargaining Agreement between the NFLMC and the NFLPA.[1]

■ The facts stated in the motion for a TRO are essentially undisputed as are the facts underlying the decision of Judge Thomas D. Horne of the Twentieth Judicial Circuit of Virginia issued today, which opinion is

1. With the consent of all parties, the National Football League was allowed to intervene as a party-defendant for the purposes of this motion.

referenced herein. Judge Horne found that on the record presented to him, the primary employment situs for the complainant in that action, Mr. Orr, was located in Virginia rather than the District of Columbia, facts equally applicable to the other Redskins players who also practice and spend the vast majority of their time at the Loudoun County, Virginia jobsite. On the basis of that determination, Judge Horne granted Mr. Orr's motion for a temporary restraining order, which order will expire on January 7, 1994 at 5:00 p.m. unless otherwise extended. On the sparse record presented to it, this Court cannot disagree with Judge Horne's conclusion. As a consequence, the NFLPA's motion for a temporary restraining order is denied for substantially the reasons stated by Judge Horne in his opinion and for the reasons set forth by the Redskins today in oral argument before this Court.

■ A temporary restraining order may be granted only when the plaintiff demonstrates: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will result in the absence of the requested relief; (3) that no other parties will be harmed if temporary relief is granted; and (4) that the public interest favors entry of a temporary restraining order. *Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C.Cir.1977). The test is not a wooden one, for as this Court of Appeals has noted, relief may be granted "with either a high probability of success and some injury, or *vice versa.*" *Cuomo v. United States Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C.Cir.1985) (per curiam); *see also Holiday Tours,* 559 F.2d at 843.

Moreover, in addition to plaintiff's inability to demonstrate a substantial likelihood of success on the merits, any arguably irreparable injury to the NFLPA pales in comparison to potential injury to third parties, the public interest, and to these defendants. Plaintiff argues that since approximately one-third of NFL players do not return to the sport, if the arbitrator's position is not enforced by this Court but later found to be correct, it may not be able to collect the $5,000 dues or service fee from approximately one-third of the Redskins players who currently refuse to

pay that sum. If so, the NFLPA will lose approximately $50,000.

In sharp contrast to plaintiff's alleged irreparable injury, should the Court enter the requested TRO, the Redskins players who currently refuse to pay may continue to do so, resulting in the Redskins forfeiting the game scheduled for December 31, 1993 commencing at 3:00 p.m. to the Minnesota Vikings or in a game played without the full Redskins rooster. As the Redskins, the NFL and John Kent Cooke, the Redskins' Executive Vice President, have all stated, either orally, or by affidavit, irreparable injury would inescapably accrue to the public, to third parties such as to other NFL teams, and to the Redskins should either scenario come to pass. The Redskins/Minnesota Vikings game is the only broadcast game to be scheduled for New Year's Eve and will generate a huge amount of revenue for the NFL. As always, a sell-out crowd of 55,000 fans is expected to attend the game in Washington, D.C., untold millions will watch the game on CBS and listen to the audio broadcasts of that game. Further, the very playoff life of the Minnesota Vikings (and the other team who is competing with Minnesota for a playoff berth) will be affected should various Redskins players be suspended from playing in tomorrow's game. Either a forfeit or an unexpectedly easy victory due to a weakened Redskins franchise will result in a less competitive game.

Accordingly, because plaintiff cannot demonstrate a substantial likelihood of success on the merits, because irreparable injury will not result to plaintiff, but will unquestionably result in extraordinary injury to other parties, and to the public interest, it is hereby

ORDERED that the National Football League Player's Association's motion for a temporary restraining order is denied; it is

FURTHER ORDERED that there will be no stay of this Order for essentially the reasons stated herein; it is

FURTHER ORDERED that plaintiff must advise Judge Hogan, to whom this case has been assigned, as to its intentions for

further progress of this case, if any, no later than January 5, 1994.

IT IS SO ORDERED.