Machos v City of Manchester          CV-94-627-M     09/20/95

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Ronald Machos and Ruth Machos,
        Plaintiffs,

        v.                                          Civil No. 94-627-M

The City of Manchester;
The Manchester Police Department;
The Manchester Police and Patrolman's
Association; and Edward Kelley,
        Defendants.


O R D E R


        Ronald and Ruth Machos filed this action against the

Manchester Police Patrolman's Association (the "Union"), its

president, Edward Kelley ("Kelley"), the City of Manchester (the

"City"), and the Manchester Police Department (the "MPD").

Although the precise nature of their claims is unclear,

plaintiffs seem to allege that they have been deprived of

federally protected rights and seek redress under 42 U.S.C. §1983

and §1985(3).  They also set forth several claims which, although

pled in §1983 form, seem to be based entirely upon alleged

violations of New Hampshire common law, such as assault and

defamation.

Essentially, plaintiffs allege that defendants conspired to and did deprive them of their constitutional rights to privacy and free speech. Presently before the court is a motion to dismiss for failure to state a claim, filed by defendants Kelley and the Union. In the alternative, defendants ask that plaintiffs be compelled to file an amended complaint, which more fully and accurately states the precise factual basis for their claims.

## Standard of Review

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) is one of limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In considering a motion to dismiss, "the material facts alleged in the complaint are to be construed in the light most favorable to the plaintiff and taken as admitted, with dismissal to be ordered only if the plaintiff is not entitled to relief under any set of facts he could prove." Chasan v. Village District of Eastman, 572 F.Supp. 578, 579 (D.N.H. 1983), aff'd without opinion, 745 F.2d 43 (1st Cir. 1984) (citations omitted).

2

Notwithstanding the liberal allowances of notice pleading and the deferential reading mandated by Rule 12(b)(6), a district court must ensure that "each general allegation be supported by a specific factual basis."  Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Cir. 1990).  As this court (Barbadoro, J.) recently noted:

> [A] district court need not accept subjective characterizations, bald assertions, or unsubstantiated conclusions.  Moreover, while "the line between `facts' and `conclusions' is often blurred," the line must be drawn.  For it is only when such conclusions are logically compelled, or at least supported, by the stated facts, that is, when the suggested inference rises to what experience indicates is an acceptable level of probability, that "conclusions" become "facts" for pleading purposes.
>
> Care is required in determining the sufficiency of a complaint to insure that "heightened pleading" requirements are invoked only if such requirements are specifically authorized by the Federal Rules of Civil Procedure.  However, even under the general pleading requirements of Fed.R.Civ.P. 8(a), a complaint will not withstand a motion to dismiss if the plaintiff has merely recited the elements of the complaint's causes of action in conclusory terms.  Notice pleading requires factual allegations which, if true, establish all of the required elements of plaintiff's causes of action.

Millard v. Wolfeboro, No. 94-38-B, slip op. (D.N.H. August 18, 1994) (citations omitted).

While, as explained below, plaintiffs' complaint is plainly deficient and could properly be dismissed pursuant to Fed.R.Civ.P. 12(b)(6), considerations of equity and fairness counsel in favor of allowing plaintiffs an opportunity to amend their complaint.

## Factual Background

As best as can be determined from the complaint, the facts pertinent to this matter, stated in the light most favorable to plaintiffs, appear to be as follows. Mr. Machos is a member of the City of Manchester Board of Aldermen as well as president of New England Traffic Control Services, Inc., a private company which provides traffic control at roadway work sites. On March 27, 1994, a group of Union members, including Kelley, gathered outside the homes of various Manchester political figures. The Union was protesting proposed legislation which would have effectively nullified a City ordinance requiring that all traffic control at road and highway work sites be performed by Manchester police officers. The protest eventually reached plaintiffs' home.

4

Plaintiffs allege that a group of Union members dressed in Manchester Police uniforms and carrying service weapons, blocked access to their street and gathered on their front lawn. After being told that Mr. Machos was not at home, the group was asked to leave the property. Kelley then reportedly punched his fist into his palm and stated that the Union would "get him." Plaintiffs claim that the Union's conduct was the product of a conspiracy among certain named and unnamed defendants "to control and intimidat[e] Machos' exercise of his . . . duties as an Alderman of the City of Manchester . . .." Complaint, ¶10. Plaintiffs also claim that as part of this alleged conspiracy defendants arranged to harass and intimidate Machos by placing repeated telephone calls to his home and business. The Union asserts that its members engaged in protected political speech, and were simply protesting proposed changes to the City ordinance then under consideration by the Aldermen as well as Mr. Machos' apparent conflict of interest (emanating from his ownership of a company that provided identical traffic control services).

Plaintiffs claim that the Union's activity on and around their property, and the menacing and threatening behavior by certain Union members, violated their constitutional rights to

5

free speech and privacy.  In addition, plaintiffs claim that defendants' violated their constitutionally protected interests when they released to the news media certain police reports which implicated Mr. Machos in criminal activity.  Specifically, the reports indicated that Machos had tipped-off certain targets of police investigations and thereby facilitated their efforts to avoid arrest.

## Discussion

I.   Count I - Conspiracy in Violation of 42 U.S.C. §1985(3).

Although far from artfully pled, Count I of the complaint appears to allege a cause of action under 42 U.S.C. §1985(3), which provides, in pertinent part:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, . . . the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. §1985(3) (1994).  In order to state a cause of action under this statute:

> a plaintiff alleging a Section 1985(3) violation must plead and prove the following: (a) the existence of a conspiracy, (b) intended to deny the plaintiff or plaintiffs equal protection of the laws, or equal privileges and immunities under the laws, (c) injury or deprivation of federally protected rights to the plaintiff or plaintiffs, (d) an overt act in furtherance of the object of the conspiracy, and (e) some racial or otherwise class-based invidiously discriminatory animus behind the conspirator's action.

Barcelo v. Agosto, 876 F.Supp. 1332, 1349 (D.P.R. 1995) (quoting 1 Antieau, Federal Civil Rights Acts, §274, p. 473-74 (2d. ed. 1980)). Plaintiffs have failed to allege any facts which, even when liberally stretched in their favor, might begin to suggest that defendants' conduct was motivated by some racial or otherwise class-based invidiously discriminatory animus. See generally United Brotherhood of Carpenters & Joiners, Local 610 v. Scott, 463 U.S. 825 (1983); Griffin v. Breckenridge, 403 U.S. 88 (1971); Rodriquez-Garcia v. Davila, 904 F.2d 90 (1st Cir. 1990); Harrison v. Brooks, 519 F.2d 1358 (1st Cir. 1975); Kay v. Bruno, 605 F.Supp. 767 (D.N.H. 1985).

Accordingly, Count I of plaintiffs' complaint fails to state a cognizable cause of action and plaintiffs are directed to file an amended complaint setting forth specific factual allegations which, if true, would establish each element of a §1985(3)

7

action, if they can do so consistently with the requirements of Rule 11, Fed.R.Civ.P.

II.  Count II - Invasion of Privacy.

In Count II of their complaint, plaintiffs allege that defendants violated their constitutionally protected rights to privacy.  Accordingly, they claim entitlement to damages in excess of $1 million, pursuant to 42 U.S.C. §1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. §1983.

Count II of plaintiffs' complaint incorporates by reference the factual allegations set forth in paragraphs 1 through 20, which are generally set forth above, and then makes the following legal and factual allegations:

22. On or about March 27, 1994, defendants Kelley and members of the [Union], armed and wearing the uniform of the City of Manchester Police Department, knowingly and intentionally invaded the privacy of plaintiffs, without right or license to do so, by means of blocking access to their street with a police cruiser and private vehicles and massing as a mob on or about plaintiffs' property and home.

23. Defendants thereafter behaved in a riotous, reckless and threatening manner, entering upon plaintiffs' premises, and making verbal and demonstrative threats to plaintiffs' physical safety. These actions, motivated by malice, caused plaintiffs and their family severe emotional harm and mental distress, for which they are entitled to enhanced compensatory damages.

Plaintiffs' Complaint, ¶¶ 22 and 23.

Under §1983, liability depends upon (1) the existence of some federal statutory or constitutional right which (2) was violated by a person acting under color of state law. Watterson v. Page, 987 F.2d 1, 7 (1st Cir. 1993). Although the complaint attempts to state a cause of action for an alleged violation of plaintiffs' constitutionally protected rights to privacy, counsel suggested at the September 14, 1995, pretrial conference that plaintiffs' claim might actually be that they were deprived of their rights to free speech. Accordingly, the court need not dwell upon the infirmities associated with plaintiffs' claimed deprivation of privacy. Plaintiffs are directed to amend their

9

complaint accordingly and provide the necessary and appropriate factual allegations which, if accepted as true, would support a cause of action under §1983.

To the extent plaintiffs believe their complaint adequately sets forth a §1983 cause of action for violation of their freedom of speech, they are mistaken. For example, they have failed to allege that defendants' conduct <u>actually</u> chilled their exercise of those rights. <u>See, e.g.</u>, <u>Sullivan v. Carrick</u>, 888 F.2d 1, 4 (1st Cir. 1989) ("To show a First Amendment violation in this context [plaintiff] must allege that his speech was in fact chilled or intimidated."); <u>Bart v. Telford</u>, 677 F.2d 622, 625 (7th Cir. 1982) ("Section 1983 is a tort statute. A tort to be actionable requires injury. It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise."); <u>Therrien v. Hamilton</u>, 849 F.Supp. 110, 115 (D.Ma. 1994) (plaintiff must allege either an actual or potential deprivation of First Amendment rights; mere allegations of harm do not satisfy the causation requirement of a §1983 action.).

10

In addition to identifying more precisely the federally protected rights which they claim were infringed, plaintiffs are instructed to plead with clarity and precision facts which, if accepted as true, would support a finding that defendants acted under color of state law when they gathered on or about plaintiffs' property. Simply alleging that the individuals involved in that gathering were uniformed police officers is insufficient. See, e.g., Martinez v. Colon, 54 F.3d 980, 986 (1st Cir. 1995) ("In general, section 1983 is not implicated unless a state actor's conduct occurs in the course of performing an actual or apparent duty of his office, or unless the conduct is such that the actor could not have behaved in that way but for the authority of his office. Thus, whether a police officer is acting under color of state law turns on the nature and circumstances of the officer's conduct and the relationship of that conduct to the performance of his official duties.").

Finally, it is unclear whether plaintiffs are proceeding against Kelley in his official or individual capacity (or both). It is equally unclear whether plaintiffs' §1983 and §1985 claims extend to the City of Manchester. Nevertheless, because suits against individuals in their official capacities generally

represent only another way of pleading an action against a municipality for which the officer is an agent, plaintiffs' attention is directed to Monell v. Dep't of Social Servs., 436 U.S. 658 (1978) (municipal liability only attaches when the action that is alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality.).

III. The Remaining Claims.

Plaintiffs' remaining claims all appear to be based upon alleged violations of New Hampshire law. Curiously, however, many are couched in terms descriptive of §1983 causes of action. The law interpreting §1983 is clear:

> Two essential elements of an action under 42 U.S.C. §1983 are, of course, (i) that the conduct complained of has been committed under color of state law, and (ii) that this conduct worked a denial of rights secured by the Constitution or laws of the United States.

Chongris v. Board of Appeals, 811 F.2d 36, 40 (1st Cir.), cert. denied, 483 U.S. 1021 (1987). If plaintiffs actually intended to bring these remaining claims under §1983, they are instructed to state with clarity and precision the nature of the federally protected right(s) which were infringed. If they intend to

12

abandon their original course and assert state law causes of action, invoking this court's supplemental jurisdiction, they are instructed to do so in a clear and unambiguous fashion.

Having heard the representations of plaintiffs' counsel at the pretrial conference, the court is inclined to accept that the facts underlying this action might give rise to viable federal causes of action. Accordingly, the court finds that notions of justice and equity support granting plaintiffs some latitude by permitting them to file an amended complaint. However, as the court previously noted, it is not inclined to expend additional time and energy attempting to decipher and recast in federal dress vague and poorly articulated claims. Plaintiffs' counsel are encouraged to amend their complaint in light of the applicable precedents in this circuit.

## Conclusion

For the foregoing reasons, defendants' motion to dismiss or, in the alternative, for a more definite statement (document no. 12) is granted in part and denied in part. Plaintiffs are instructed to file an amended complaint on or before November 1, 1995, which clearly and concisely sets forth factual allegations

13

which, if proven, would support recognized causes of action over which this court has jurisdiction.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

September 20, 1995

cc:  Lawrence B. Gormley, Esq.
     Michael E. Avakian, Esq.
     Michael B. O'Shaughnessy, Esq.
     Kenneth J. Gould, Esq.