Machos v. City of Manchester        CV-94-627-M   09/23/96
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE


Ronald J. Machos, Sr.
and Ruth A. Machos,
      Plaintiffs

v.                                          Civil No. 94-627-M

The City of Manchester,
The Manchester Police Department,
The Manchester Police Patrolman's
Association, and Edward J. Kelley,
      Defendants


                          O R D E R


     Ronald and Ruth Machos bring this action against the City of

Manchester (the "City"), the Manchester Police Department (the

"MPD"), the Manchester Police Patrolman's Association (the

"Union"), and its president, Edward Kelley.  Counts one through

three of plaintiffs' amended complaint allege deprivations of

constitutionally guaranteed rights and are brought pursuant to 42

U.S.C. §§ 1983 and 1985(c).  Counts four through seven allege

various state law claims, over which plaintiffs ask the court to

exercise supplemental jurisdiction.


     Plaintiffs' original complaint was confusing and vague.  In

response to defendants' first motion to dismiss, the court noted:

> While, . . . plaintiffs' complaint is plainly deficient
> and could properly be dismissed pursuant to
> Fed.R.Civ.P. 12(b)(6), considerations of equity and
> fairness counsel in favor of allowing plaintiffs an
> opportunity to amend their complaint.

September 20, 1995 Order at 4. Accordingly, the court afforded plaintiffs the opportunity to file an amended complaint to more clearly state the legal and factual basis for their apparent claims. Plaintiffs accepted the court's invitation and, once again, defendants Kelley and the Union move to dismiss.

## Standard of Review

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) is one of limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In considering a motion to dismiss, "the material facts alleged in the complaint are to be construed in the light most favorable to the plaintiff and taken as admitted, with dismissal to be ordered only if the plaintiff is not entitled to relief under any set of facts he could prove." Chasan v. Village District of Eastman, 572 F.Supp. 578, 579

2

(D.N.H. 1983), aff'd without opinion, 745 F.2d 43 (1st Cir. 1984) (citations omitted).

**Factual Background**

Stated in the light most favorable to plaintiffs, the facts relevant to this proceeding appear to be as follows. Mr. Machos is a member of the City of Manchester Board of Aldermen. He is also president of New England Traffic Control Services, Inc., a private company which provides traffic control at roadway work sites. On March 27, 1994, a group of Union members, including Kelley, gathered outside the homes of various Manchester political figures to protest proposed municipal legislation that would have effectively nullified an ordinance requiring that all traffic control at road and highway work sites be performed by Manchester police officers. The protest eventually reached plaintiffs' home.

Plaintiffs claim that a group of Union members dressed in Manchester Police uniforms and carrying service weapons, blocked access to their street and gathered on their front lawn. After being told that Mr. Machos was not at home, the group was asked

to leave the property.  Kelley then reportedly punched his fist into his palm and stated that the Union would "get him."

Plaintiffs claim that the Union's conduct was the product of a conspiracy among certain named and unnamed defendants "to control and intimidat[e] plaintiff Ronald J. Machos, Sr. . . . in the exercise of [his] official duties."  Complaint, ¶26. Plaintiffs also claim that as part of this alleged conspiracy defendants arranged to harass and intimidate Machos by placing repeated telephone calls to his home and business.  The Union asserts that its members engaged in protected political speech, and were simply protesting proposed changes to the City ordinance then under consideration by the Aldermen, as well as Mr. Machos' apparent conflict of interest (emanating from his ownership of a company that provides identical traffic control services).

Plaintiffs claim that the Union's activity on and around their property, and the menacing and threatening behavior by certain Union members, violated their constitutional rights to free speech and privacy.  In addition, plaintiffs claim that defendants' violated their constitutionally protected interests when they released to the news media certain police reports which

4

implicated Mr. Machos in criminal activity.  Specifically, the reports indicated that Machos had tipped-off certain targets of police investigations and thereby facilitated their efforts to avoid arrest.

**Discussion**

I.   <u>Count 1 - Invasion of Privacy</u>.

Plaintiffs claim that the defendants, acting under color of state law, unlawfully deprived them of numerous constitutionally guaranteed rights.  Specifically, plaintiffs allege:

> Acting under color of law and the authority of the City of Manchester and the Manchester Police Department, defendant Kelley and the Manchester Police Patrolman's Association, intentionally, negligently, and with complete and deliberate indifference for Plaintiffs' rights caused Plaintiffs to be deprived of their constitutional rights, privileges, and immunities, including but not limited to the First, Fourth, Fifth and Fourteenth Amendments by:
>
> a.   using their badges, uniforms, and firearms to perform threatening acts that were unreasonable under the circumstances and in violation of the Plaintiffs' rights to be free of unreasonable searches under the Fourth Amendment;
>
> b.   by subjecting plaintiff Ronald Machos, Sr. to retaliation for exercising his First Amendment right to petition the government for redress of grievances;

5

    c.    by subjecting plaintiff Ronald Machos, Sr. to intimidation, retaliation, and restraint for exercising his legislative responsibilities and duties as an Alderman of the City of Manchester under the First Amendment; and

    d.    by depriving plaintiff Ruth Machos of her liberty by subjecting her to unwarranted and unreasonable restraints on her person and her family without due process of law in violation of her rights under the Fifth and Fourteenth Amendments.

Amended Complaint, para. 53. Plainly, the complaint casts a wide net. While some of their claims certainly appear overstated at best and, at worst, frivolous, at this juncture the court cannot rule that plaintiffs cannot prevail as a matter of law on any of those claims.

In their motion to dismiss, defendants focus on the fact that the Union is a private entity. Accordingly, they claim that neither it nor its members could possibly have been acting under color of state law when they demonstrated in front of the Machos residence. While the facts may ultimately prove defendants correct, in ruling upon a motion to dismiss, the court must view all allegations in the light most favorable to plaintiffs. And, while it may be unlikely, it is not inconceivable that plaintiffs will demonstrate that Kelley and the Union were acting under

color of state law when the events in question transpired.  <u>See,</u>
<u>e.g., Dennis v. Sparks</u>, 449 U.S. 24, 27 (1980) ("to act `under
color of' state law for § 1983 purposes does not require that the
defendant be an officer of the State.  It is enough that he is a
willful participant in joint action with the State or its agents.
Private persons, jointly engaged with state officials in the
challenged action, are acting `under color' or law for purposes
of § 1983 actions."); <u>Rockwell v. Cape Cod Hospital</u>, 26 F.3d 254,
257-60 (1st Cir. 1994) (discussing the three distinct tests that
are applied to determine whether an individual will be deemed to
be a state actor under § 1983.).

As the parties obtain additional discovery, it may become
apparent (as defendants argue) that plaintiffs' claims lack a
<u>factual</u> basis.  If that is the case, defendants may file a
properly supported motion for summary judgment.  However, at this
juncture, the court cannot rule, as a matter of law, that Count 1
of the complaint fails to state any cognizable claims.

II.  <u>Count 2 - Deprivation of Right to Free Speech</u>.

Again, defendants focus on factual, rather than legal,
issues in support of their motion to dismiss.  For example,

despite plaintiffs' allegation that the Union's conduct chilled Machos's speech (Complaint, para. 57), defendants claim that "evidence easily obtainable in the public domain and; [sic] thus, entitled to judicial notice indicate [sic] that Plaintiff Machos has continued to attend meetings of the Manchester Board of Alderman, freely speak out on issues of public concern and just ran an active reelection campaign." Defendants' Memorandum at 15. While, as a matter of _fact_, Machos's speech may not have been chilled, the complaint adequately pleads an "actual chilling" of his freedom of speech. See _Sullivan v. Carrick_, 888 F.2d 1, 4 (1st Cir. 1989) ("To show a First Amendment violation in this context [plaintiff] must allege that his speech was in fact chilled or intimidated.").

Viewing the facts alleged in the amended complaint in the light most favorable to plaintiffs, the court holds that Count 2 at least states a viable claim on which plaintiffs are entitled to offer evidence.

III. _Count 3 - Conspiracy to Deprive Plaintiffs of their Civil Rights_.

Count 3 of the amended complaint appears to allege a cause of action under 42 U.S.C. §1985(3), which provides, in pertinent part:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, . . . the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. §1985(3) (1994). In order to state a cause of action under this statute:

> a plaintiff alleging a Section 1985(3) violation must plead and prove the following: (a) the existence of a conspiracy, (b) intended to deny the plaintiff or plaintiffs equal protection of the laws, or equal privileges and immunities under the laws, (c) injury or deprivation of federally protected rights to the plaintiff or plaintiffs, (d) an overt act in furtherance of the object of the conspiracy, and (e) some racial or otherwise class-based invidiously discriminatory animus behind the conspirator's action.

Barcelo v. Agosto, 876 F.Supp. 1332, 1349 (D.P.R. 1995) (quoting 1 Antieau, Federal Civil Rights Acts, §274, p. 473-74 (2d. ed. 1980)). Plaintiffs have failed to allege any facts which, even when liberally stretched in their favor, might begin to suggest that defendants' conduct was motivated by some racial or

9

otherwise class-based invidiously discriminatory animus.  <u>See</u> <u>generally</u> <u>United Brotherhood of Carpenters & Joiners, Local 610</u> <u>v. Scott</u>, 463 U.S. 825 (1983); <u>Griffin v. Breckenridge</u>, 403 U.S. 88 (1971); <u>Rodriguez-Garcia v. Davila</u>, 904 F.2d 90 (1st Cir. 1990); <u>Harrison v. Brooks</u>, 519 F.2d 1358 (1st Cir. 1975); <u>Kay v. Bruno</u>, 605 F.Supp. 767 (D.N.H. 1985).

Plaintiffs' assertion that defendants were "motivated by a discriminatory animus against the Aldermen and Mayor of the City of Manchester and their families," Complaint at para. 59, does not allege any racial or otherwise class-based invidiously discriminatory animus.  Alleging that the "acts of the Ku Klux Klan are virtually indistinguishable from the acts of the [Union]" and claiming that the Manchester Aldermen (including Machos) find themselves "in unprotected circumstances similar to those of the victims of Klan violence," Plaintiffs' Memorandum at 39, while dramatic, hardly relates to the facts pled here.

IV.  <u>Plaintiffs' State Law Claims</u>.

Because the court has declined to dismiss counts 1 and 2 of the amended complaint, defendants' assertion that the court

10

cannot exercise its supplemental jurisdiction over plaintiffs' state law claims is unavailing. At this juncture, the exercise of supplemental jurisdiction over those claims appears appropriate.

## Conclusion

Most, if not all, of defendants' arguments in support of their motion to dismiss turn upon what they claim are undisputed facts. While those arguments may ultimately prove to be persuasive in the context of a well-supported motion for summary judgment, they are unavailing in the context of a motion to dismiss. Although not models of clarity and precision, counts 1 and 2 of plaintiffs' complaint, if liberally construed in plaintiffs' favor, adequately plead viable federal causes of action. Plaintiffs have, however, failed to meet even that rather low pleading threshold with regard to count 3.

Defendants' motion to dismiss (document no. 25) is granted in part and denied in part. Count 3 of plaintiffs' complaint is dismissed for failure to state a claim for which relief may be granted. Plaintiffs are, however, entitled to offer evidence in support of the claims raised in count 1, 2, and 4 through 7.

11

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

September 23, 1996

cc:  Lawrence B. Gormley, Esq.
     Michael E. Avakian, Esq.
     Michael B. O'Shaughnessy, Esq.
     Robert J. Meagher, Esq.
     Kenneth J. Gould, Esq.